K811tejp

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

       v.                                    19 Cr. 761 (JPO)

JUAN TEJADA,

           Defendant.                    Plea
                                          (Via Teleconference)
------------------------------x

                            New York, N.Y.
                            August 21, 2020
                            12:19 p.m.


Before:

                  HON. J. PAUL OETKEN,

                            District Judge


                    APPEARANCES

AUDREY STRAUSS
    Acting United States Attorney for the
    Southern District of New York
BY:  JAMIE E. BAGLIEBTER
    FRANK J. BALSAMELLO
    Assistant United States Attorneys

LAW OFFICES OF DONNA R. NEWMAN
    Attorneys for Defendant
BY:  DONNA R. NEWMAN, ESQ.


ALSO PRESENT:  SANDRA VELEZ-GARCIA, U.S. Probation Officer

K8lltejp

| | |
|---|---|
| 1 | THE COURT:  Good afternoon.  This is Judge Oetken. |
| 2 | I'd like to start by asking Mr. Hampton to call the case. |
| 3 | (Case called) |
| 4 | THE DEPUTY CLERK:  Starting with the government, |
| 5 | counsel, please state your name for the record. |
| 6 | MS. BAGLIEBTER:  Good afternoon, your Honor.  Jamie |
| 7 | Bagliebter for the government. |
| 8 | MS. NEWMAN:  Good afternoon, your Honor.  Donna R. |
| 9 | Newman on behalf of Juan Tejada, who is on the line.  But we |
| 10 | should make sure of that. |
| 11 | THE COURT:  Yes.  Mr. Tejada, are you on the line and |
| 12 | can you hear me? |
| 13 | THE DEFENDANT:  Yes, I am. |
| 14 | THE COURT:  Okay.  And is there also a probation |
| 15 | officer on the line? |
| 16 | MS. VELEZ-GARCIA:  Yes, your Honor.  Good afternoon. |
| 17 | Sandra Velez-Garcia. |
| 18 | THE COURT:  Good afternoon. |
| 19 | We're here, I understand, for a change of plea |
| 20 | proceeding.  And before we get to that, I note that a |
| 21 | superseding indictment, S3, was filed on July 21st, unsealed |
| 22 | and filed on July 21st, and I'd like to just ask Ms. Bagliebter |
| 23 | if you would briefly discuss any changes in the S3 indictment |
| 24 | vis-à-vis S2 and how you propose to proceed with respect to |
| 25 | that. |

K8lltejp

1        MS. BAGLIEBTER:  Your Honor, with respect to

2   Mr. Tejada's plea today, Mr. Tejada's pleading to Count

3   Eighteen, which is the same in the S2 and the S3.  The plea

4   agreement, which is signed by both parties, referenced the S2

5   because it was negotiated prior to the S3 being unsealed.

6   Therefore, we propose that Mr. Tejada be arraigned on the S3

7   today as sort of an administrative matter; he will then plead,

8   as our agreement states, to Count Eighteen in the S2; and then

9   at the time of sentencing the government will move to dismiss

10  all other indictments in the case, which would include the S3,

11  the original indictment, and the S1.

12        THE COURT:  Okay.  So the only count naming Mr. Tejada

13  in S2 or S3 is unchanged as between the two, is that correct?

14        MS. BAGLIEBTER:  With respect to what he is pleading

15  to, your Honor.

16        THE COURT:  Okay.  So there is -- go ahead.

17        MS. BAGLIEBTER:  No.  That's all, your Honor.

18        THE COURT:  So the change, could you just tell me what

19  is changed in any count naming Mr. Tejada.

20        MS. BAGLIEBTER:  Yes, your Honor.  Just give me one

21  moment, please.

22        Your Honor, I was just confirming, but there is no

23  change with respect to where Mr. Tejada is named in the S2 and

24  the S3.

25        THE COURT:  Got it.  Okay.

K8lltejp

1          MS. BAGLIEBTER:  The S3 just adds an additional

2   defendant, Mr. Gill.

3          THE COURT:  Okay.  Thank you.

4          And Ms. Newman, do you agree with proceeding as

5   suggested by Ms. Bagliebter?

6          MS. NEWMAN:  Yes, I do.

7          THE COURT:  Okay.  And have you had a chance to go

8   over the S3 indictment with Mr. Tejada?

9          MS. NEWMAN:  I believe so.  I looked back on my notes.

10  I mentioned that it did exist during one of our telephone

11  conferences.  I am not sure that it was sent to -- well, it was

12  sent.  I do not know that he received it.  There's been

13  problems with the mail at MCC, and I -- in truth, I never

14  confirmed whether he received S3, but we did discuss that there

15  was no difference.

16          THE COURT:  Okay.  Got it.

17          So Mr. Tejada, have you received a copy of the S3

18  indictment, the one that was filed just in the last few weeks,

19  on July 21st?

20          THE DEFENDANT:  Yes, I received it.

21          THE COURT:  Okay.  And have you had a chance to read

22  it?

23          THE DEFENDANT:  Yeah, I had a chance to read it a

24  couple of times.

25          THE COURT:  Okay.  And do you understand the charges

K8lltejp

1    in that indictment?

2              THE DEFENDANT:  Yes, your Honor, I do.

3              THE COURT:  And you have a right for me to read the

4    whole thing publicly or you can waive public reading.  Do you

5    wish to waive public reading for today?

6              THE DEFENDANT:  Yeah.  Yes, I do.

7              THE COURT:  Okay.  And then normally I would take your

8    plea before changing your plea later on pursuant to the plea

9    agreement.  Do you wish to plead not guilty as of now to S3?

10             THE DEFENDANT:  As of now, I wish to plead not guilty.

11             THE COURT:  Okay.  That completes the arraignment as

12   to the S3 superseding indictment.  And I understand,

13   Ms. Newman, that your client wishes to change his plea to

14   guilty, as stated in the plea agreement.  Is that correct?

15             MS. NEWMAN:  That is correct, and that would be to

16   Count Eighteen.

17             THE COURT:  Right.  The lesser included offense with

18   respect to Count Eighteen, is that right?

19             MS. NEWMAN:  That's right.  That is correct.

20             THE COURT:  Okay.  So we're conducting this proceeding

21   by telephone conference, and doing that is authorized under the

22   circumstances and by the CARES Act, as well as by Chief Judge

23   McMahon's standing order and finding that plea proceedings

24   cannot be conducted in person without seriously jeopardizing

25   public health and safety, as long as the defendant consents.

K8lltejp

1   So Ms. Newman, have you had a chance to discuss with Mr. Tejada

2   the subject of proceeding not in person but by phone

3   conference?

4              MS. NEWMAN:  Yes, I have.  And he has agreed to -- I'm

5   sorry.

6              THE COURT:  Go ahead.

7              MS. NEWMAN:  I'm sorry.  He has agreed to proceed via

8   phone conference for this plea proceeding.

9              THE COURT:  All right.  Mr. Tejada, you understand you

10  have a right to do these in person, but under the circumstances

11  it would take some weeks or months before we could do that, and

12  do you agree to have this plea proceeding take place by phone

13  today?

14             THE DEFENDANT:  Yes, I do agree.

15             THE COURT:  All right.  I find the defendant has

16  consulted with counsel and is knowingly and voluntarily waived

17  his right to an in-person proceeding for purposes of changing

18  his plea and that he consents to proceeding by audio

19  conference, and I also find that videoconferencing is not

20  reasonably available at this time.

21             I also have to make a finding for this proceeding as

22  to whether it cannot or can be further delayed without serious

23  harm to the interests of justice, and I'd just like to ask the

24  parties if you'd like to address that briefly.

25             Ms. Newman?

K8lltejp

1          MS. NEWMAN:  I would respectfully request that we

2     proceed, that it is in the interests of justice to proceed with

3     the plea at this time so that Mr. Tejada can move on with the

4     case and to take advantage of the plea agreement that we have

5     entered into.

6          THE COURT:  And anything you'd like to add on that,

7     Ms. Bagliebter?

8          MS. BAGLIEBTER:  Yes, your Honor.  I would add that

9     one of the reasons the plea cannot be further delayed without

10    serious harm to the interests of justice, in addition to the

11    reasons set forth by the defendant, is that the government's

12    ability to move forward with cases for its cooperating

13    witnesses, some of whom we expect to seek a sentence of time

14    served, is dependent on the defendant and his co-defendants

15    moving forward in their cases.

16         THE COURT:  Okay.  Based on the statements of both

17    counsel, I do find that the proceeding cannot and should not be

18    further delayed without serious harm to the interests of

19    justice and I authorize proceeding by phone conference for this

20    hearing.

21         Mr. Tejada, I've been informed that you wish to plead

22    guilty to the lesser included offense as to Count Eighteen,

23    which is conspiracy to distribute and possess with intent to

24    distribute certain narcotics.  Is that correct?

25         THE DEFENDANT:  Yes, your Honor.

K8lltejp

1          THE COURT:  All right.  Before accepting your plea,

2     I'm going to ask you some questions, and the reason I'm asking

3     all these questions is to make it clear that you're pleading

4     guilty because you actually are guilty as to this charge and

5     not for some other reason, not because of some pressure or

6     anything like that.  If you don't understand any of my

7     questions, if you'd like to take a break and drop off and speak

8     further with Ms. Newman, just let me know and we'll do that.

9          I'm now going to swear you in, and I'm going to ask if

10    you'd please just raise your right hand, if you could.  Can you

11    do that?

12          THE DEFENDANT:  Yes, I could.

13          THE COURT:  All right.

14          (Defendant sworn)

15          THE COURT:  All right.  Thank you.  You can put your

16    hand down.

17          You're now under oath, and that means if you don't

18    answer my questions truthfully, you could be prosecuted for

19    perjury, because you're under oath.  Do you understand that?

20          THE DEFENDANT:  Yes, I do, sir.

21          THE COURT:  Can you tell me your full name.

22          THE DEFENDANT:  Juan Tejada.  Juan Tejada.

23          THE COURT:  Is it T-E-J-A-D-A?

24          THE DEFENDANT:  Yeah, it's T-E-J-A-D-A, but the first

25    day I got it wrong.

K8lltejp

1          THE COURT:  Okay.  So how do you say the name?  Is it

2     "Te-ha-da" or "Te-he-da"?

3          THE DEFENDANT:  "Te-he-da."

4          THE COURT:  Okay.  "Te-he-da."  And how old are you?

5          THE DEFENDANT:  I'm 19 years old.

6          THE COURT:  And how far did you go in school?  When

7     were you last in school?

8          THE DEFENDANT:  My junior year.  That's 11th grade.

9          THE COURT:  11th grade?  And what school was that?

10          THE DEFENDANT:  Bronx Leadership Academy.

11          THE COURT:  Bronx Leadership?

12          THE DEFENDANT:  Yeah, Academy.

13          THE COURT:  Academy.  And have you ever been treated

14     or hospitalized for any mental illness?

15          THE DEFENDANT:  No, sir.

16          THE COURT:  And have you been recently under the care

17     of a doctor or a psychiatrist?

18          THE DEFENDANT:  No, sir.

19          THE COURT:  And have you ever been hospitalized or

20     treated for an addiction to drugs or alcohol?

21          THE DEFENDANT:  No, sir.

22          THE COURT:  And in the past 24 hours have you had any

23     drugs or pills or alcohol?

24          THE DEFENDANT:  No, sir.

25          THE COURT:  And do you understand what's happening

K8lltejp

1    today?

2              THE DEFENDANT:  Yes, I understand what's happening.

3              THE COURT:  Okay.  I'm going to ask counsel if you

4    have any doubt as to defendant's competence to plead at this

5    time.

6              Ms. Newman?

7              MS. NEWMAN:  No, I do not.

8              THE COURT:  And Ms. Bagliebter?

9              MS. BAGLIEBTER:  No, your Honor.

10             THE COURT:  Based on his responses to my questions and

11   his demeanor as I perceive it from his responses, I find the

12   defendant is competent to enter a plea of guilty at this time.

13             Mr. Tejada, have you had a sufficient opportunity to

14   discuss your case with your lawyer, including the charge you

15   intend to plead guilty to, as well as any possible defenses and

16   the consequences of pleading guilty?

17             THE DEFENDANT:  Yes, sir.

18             THE COURT:  And are you satisfied with your attorney's

19   representation of you?

20             THE DEFENDANT:  Yes, sir, I'm satisfied.

21             THE COURT:  I'm now going to explain certain

22   constitutional rights that you have.  You give up certain

23   rights when you plead guilty, and I want to make sure you

24   understand what those rights are.

25             Under the Constitution and laws of the United States,

K8lltejp

1   you have the right to a speedy and public trial by a jury on

2   the charges in the indictment.  At that trial you'd be presumed

3   innocent, and the government would be required to prove you

4   guilty beyond a reasonable doubt by competent evidence before

5   you could be found guilty.  You would not have any burden of

6   proving that you're innocent, but a jury of 12 people would

7   have to agree, all 12 of them, that you were guilty beyond a

8   reasonable doubt in order for you to be convicted at a trial.

9   Do you understand that?

10          THE DEFENDANT:  Yes, I understand that.

11          THE COURT:  And at the trial and at every stage of

12  your case, you'd have the right to be represented by an

13  attorney, and if you couldn't afford one, an attorney would be

14  appointed to represent you, like Ms. Newman.  Do you understand

15  that?

16          THE DEFENDANT:  Yes, I understand that.

17          THE COURT:  During a trial, the witnesses for the

18  government would have to come to court and testify in your

19  presence, and your lawyer would be able to cross-examine the

20  government's witnesses, object to evidence offered by the

21  government, and issue subpoenas and offer evidence, and compel

22  witnesses to testify in your defense.  Do you understand that?

23          THE DEFENDANT:  Yes, I understand.

24          THE COURT:  At a trial, you'd have the right to

25  testify if you chose to, but you would also have the right not

K8lltejp

 1    to testify, and no inference or suggestion of guilt could be

 2    drawn from the fact that you did not testify if that's what you

 3    chose.  Do you understand that?

 4                THE DEFENDANT:  Yes, I understand that.

 5                THE COURT:  Also, if you were convicted at a trial,

 6    you'd have the right to appeal that verdict to the Court of

 7    Appeals.  Do you understand that?

 8                THE DEFENDANT:  Yes, sir.

 9                THE COURT:  Even at this time as you're entering this

10    plea, you do have the right to change your mind, continue

11    pleading not guilty, and have a trial.  But if you do plead

12    guilty and I accept your plea, you'll be giving up your right

13    to a trial and the other rights I just described, there won't

14    be a trial, and I'll enter a judgment of guilty, which becomes

15    a conviction on this particular charge, and then I'll sentence

16    you -- not today but later -- on the basis of that guilty plea.

17    Do you understand that?

18                THE DEFENDANT:  Yes, sir.

19                THE COURT:  Also, if you plead guilty, you'll have to

20    give up your right not to incriminate yourself because I'll ask

21    you questions about what you did, and that's just to satisfy

22    myself that you are in fact guilty as charged.  Do you

23    understand?

24                THE DEFENDANT:  Yes, I understand.

25                THE COURT:  All right.  You previously received a copy

K8lltejp

of the indictment that has Count Eighteen in it, which is the
count referenced in the plea agreement that you're pleading
guilty to.  Is that right?

THE DEFENDANT:  Yes.

THE COURT:  And you understand the nature of that
charge?

THE DEFENDANT:  Yes, sir.

THE COURT:  I'd like to ask Ms. Bagliebter if you'd
please state the elements with respect to the count that
Mr. Tejada is pleading guilty to.

MS. BAGLIEBTER:  Yes, your Honor.

If the case were to proceed to trial, the government
would have to prove the following elements beyond a reasonable
doubt.  There are two elements to Count Eighteen.

First, that there was an agreement among two or more
people to violate the narcotics laws by distributing or
possessing with intent to distribute at least 28 grams of
mixtures and substances containing a detectable amount of
cocaine base, commonly referred to as crack cocaine; and

Second, that the defendant entered into that agreement
knowingly and with the intent to further its objectives.

The government would also have to prove by a
preponderance of the evidence that some portion of the crime
occurred in the Southern District of New York.

THE COURT:  Thank you.

K8lltejp

1          I also want to explain the maximum penalty for this

2     crime.

3          Under the statute, which is separate from the

4     guidelines, there's a maximum of 40 years' imprisonment, with a

5     mandatory minimum of five years' imprisonment, with respect to

6     the charge you're pleading guilty to -- that is, the lesser

7     included offense.

8          There's also a maximum fine of the greatest of

9     $5 million or twice the total gain, financial gain from the

10    offense, or twice the total financial loss to others from the

11    offense; and there's a $100 special assessment, which is

12    mandatory.

13         And then there's also a term of supervised release of

14    up to life, with a mandatory minimum of at least four years'

15    supervised release.  When I say "supervised release," that

16    means essentially like probation.  After any term of

17    imprisonment, you're subject to monitoring following that

18    release from prison, and you'll have to comply with certain

19    terms and conditions that I'll impose at the time of

20    sentencing.  If you fail to comply with those terms and

21    conditions, you can be returned to prison without a jury trial.

22         In addition, as part of your plea agreement, you must

23    admit to the forfeiture allegation in the indictment and agree

24    to forfeit to the United States government any property derived

25    from proceeds from this crime or used to facilitate this crime,

K8lltejp

as explained in more detail in the agreement.  Do you

understand that?

       THE DEFENDANT:  Yes, I understand that, sir.

       THE COURT:  And are you a United States citizen,

Mr. Tejada?

       THE DEFENDANT:  Yes, sir.

       THE COURT:  Okay.  I also want to explain that if

anyone has attempted to predict or promise you what your

sentence is going to be, I want to make it clear that I'm the

one who's going to decide on your sentence -- not now but at

the time of sentencing -- so anyone else's prediction or

promise might be wrong.  No one -- not the government nor your

attorney, nor anyone -- can promise you what your sentence is

going to be, because I'm going to make my own independent

calculation of the sentencing guidelines and determine what an

appropriate sentence is for you.  Do you understand that?

       THE DEFENDANT:  Yes, I understand that, sir.

       THE COURT:  And even if your sentence is different

from what you expected or hoped, you will still be bound by

your guilty plea.  Do you understand that?

       THE DEFENDANT:  Yes, I understand that.

       THE COURT:  Has anyone threatened you or forced you to

plead guilty?

       THE DEFENDANT:  No, sir.

       THE COURT:  And I understand there's a plea agreement

K8lltejp

1   in this case.  Did you have a chance to read the plea

2   agreement?

3             THE DEFENDANT:  Yeah, I had a chance to read it.

4             THE COURT:  And do you understand everything that's in

5   the agreement?

6             THE DEFENDANT:  Yes, sir.

7             THE COURT:  I believe I have a signed copy.

8             Ms. Newman, did you sign the plea agreement for

9   Mr. Tejada?

10            MS. NEWMAN:  Yes, I did, after discussing it with him,

11   and he instructed me to sign it.  He also sent me an email

12   giving me permission to sign on his behalf.

13            THE COURT:  Okay.  So Mr. Tejada, you authorized and

14   continue to authorize Ms. Newman to sign that plea agreement

15   for you?

16            THE DEFENDANT:  Yes, sir.

17            THE COURT:  And do you have any separate understanding

18   or agreement with the government that's been left out of that

19   plea agreement?

20            THE DEFENDANT:  No, your Honor.

21            THE COURT:  All right.  Under the plea agreement

22   there's a stipulated guideline range, which is 63 months to 78

23   months' imprisonment, in addition to the five-year mandatory

24   minimum sentence.  The sentencing guidelines are a starting

25   point.  They're advisory.  I'm not required to impose a

K8lltejp

1    sentence within the guidelines range.  And your lawyer will be

2    able to argue for a sentence that's below the sentencing

3    guideline range or outside the range.  However, the five-year

4    mandatory minimum is something that I'm not permitted to go

5    outside of absent limited circumstances, which I'm not aware of

6    apply here, so I am still required to impose the five-year

7    mandatory minimum, but the 63 months to 78 months is simply

8    advisory.  It's the starting point for me in assessing an

9    appropriate sentence.  However, under the agreement, you're

10   giving up your right to appeal or challenge your sentence as

11   long as I sentence you within or below that guideline range to

12   78 months or less in prison.  Do you understand that?

13             THE DEFENDANT:  Yes, sir.

14             THE COURT:  Having gone through this, do you still

15   wish to plead guilty?

16             THE DEFENDANT:  Yes, sir.

17             THE COURT:  And are you pleading guilty voluntarily

18   and of your own free will?

19             THE DEFENDANT:  Yes.

20             THE COURT:  Would you please tell me in your own words

21   what you did that makes you believe you are guilty of this

22   charge.

23             THE DEFENDANT:  I'm sorry.  You mean like the charge?

24             THE COURT:  Yeah.  What you did that makes you guilty.

25             THE DEFENDANT:  It says I -- I forgot -- I forgot what

K8lltejp

1    it says, but --

2              MS. NEWMAN:  Perhaps I can help you out, your Honor.

3              Juan, did you agree with other people to agree to sell

4    drugs?

5              THE DEFENDANT:  Yes.

6              MS. NEWMAN:  Do you remember approximately the time

7    span this was?

8              THE DEFENDANT:  Yeah.  It's from 2017 to 2019.

9              MS. NEWMAN:  Were those drugs 28 grams or more of

10   crack?

11             THE DEFENDANT:  Yes, Miss.

12             MS. NEWMAN:  And where did that occur?

13             THE DEFENDANT:  In the Bronx.

14             MS. NEWMAN:  Your Honor, I think that does reach the

15   elements, unless there's something else your Honor would like

16   to inquire.

17             THE COURT:  Okay.  I think that's sufficient for the

18   plea.

19             One other question I'll ask is:  Mr. Tejada, did you

20   know it was against the law to be agreeing with others to sell

21   drugs?

22             THE DEFENDANT:  Yes, Mister, I understand that.

23             THE COURT:  Okay.  And Ms. Bagliebter, do you believe

24   that there is a sufficient factual basis for the guilty plea?

25             MS. BAGLIEBTER:  Just one moment, your Honor.

K8lltejp

1              THE COURT:  Sure.

2              MS. BAGLIEBTER:  Yes, your Honor.

3              THE COURT:  All right.  Thank you.

4              Mr. Tejada, since you acknowledge that you are in fact

5    guilty as charged in Count Eighteen of the superseding

6    indictment S2, and specifically the lesser included offense

7    stated in the plea agreement, and I'm satisfied that you know

8    your rights, including your right --

9              MR. BALSAMELLO:  I'm sorry, Judge.

10             THE COURT:  Yes.

11             MR. BALSAMELLO:  I apologize.  Are you able to hear

12   me, Judge?

13             THE COURT:  Yeah, I am.

14             MR. BALSAMELLO:  I'm sorry.  This is Frank Balsamello

15   for the government.  I thought I heard something in the

16   allocution, and I just want to be absolutely sure on this,

17   because it could be relevant.  I thought that I heard the date

18   range that Mr. Tejada responded was 2017 to 2018.  The

19   indictment goes up to 2019, and I just wanted to clarify that.

20             MS. NEWMAN:  I believe he said 2019, but we can ask

21   again in case --

22             THE COURT:  Yes, I heard 2019 as well.

23             Mr. Tejada --

24             MR. BALSAMELLO:  I apologize.

25             THE COURT:  That's okay.

K8lltejp

1          Just to be clear, Mr. Tejada, when you gave the date

2     range of when you were involved in the activity you described,

3     what were the dates?  What were the years you said?

4          THE DEFENDANT:  I said 2017 to 2019.

5          THE COURT:  2019.  Okay.  Thank you.

6          Does that answer it, Mr. Balsamello?

7          MR. BALSAMELLO:  It does, Judge.  Thank you.

8          THE COURT:  Okay.  Thank you.

9          So since you do acknowledge that you are in fact

10    guilty as charged, and I'm satisfied that you know your rights,

11    including your right to go to trial, and you're aware of the

12    consequences of your plea, including the sentence which may be

13    imposed, and since I find you're voluntarily pleading guilty, I

14    accept your guilty plea and enter a judgment of guilty on Count

15    Eighteen -- specifically, the lesser included offense of

16    conspiracy to distribute and possess with intent to distribute

17    28 grams of mixtures and substances containing cocaine base.

18         Now we'll just turn to sentencing for a minute.

19         The next step in the process is that I set a date for

20    sentencing.  The probation department prepares something called

21    a presentence report, which has a lot of background information

22    about you, your family, this crime, other things about your

23    background, and I read it carefully before I decide on an

24    appropriate sentence, so please make sure that when you do have

25    that conversation -- which Ms. Newman will tell you about and

K811tejp

1    be there for, if you want her to be -- that you're truthful and

2    accurate with anything you do talk about.

3           So the normal process is we look about a hundred days

4    or three and a half months out.  That would put us around

5    December 4th for sentencing.  Does that work?

6           MS. NEWMAN:  Yes on behalf of the defense.

7           MS. BAGLIEBTER:  It works for the government, your

8    Honor.

9           THE COURT:  All right.  So I'm going to set the

10   sentencing date for Friday, December 4, 2020, at 11:00 a.m.

11   December 4th, at 11:00 a.m.

12          And the defense submission will be due November 24th,

13   and the government's submission due December 1st.  I adjusted

14   the dates a little bit because Thanksgiving falls in there, so

15   I made one a little before Thanksgiving and one a little after

16   Thanksgiving.  So hopefully that will work for the parties.

17          MS. NEWMAN:  Thank you.

18          THE COURT:  All right.  Anything further from the

19   government?

20          MS. BAGLIEBTER:  Your Honor, if I may, I'd just like

21   to -- given the unusual circumstance, I'd just like to put on

22   the record the logistics regarding the plea agreement today.

23          THE COURT:  Sure.

24          MS. BAGLIEBTER:  As defense counsel noted already, she

25   signed for herself and, with her client's consent, signed on

K811tejp

1    behalf of her client.  She then emailed me a copy of the plea

2    agreement with her signature page.  I have similarly signed a

3    hard copy on behalf of myself and my supervisor and have

4    scanned that signature page.  So the Court has been provided

5    with an executed copy of the agreement.  Defense counsel has

6    mailed the original signature page to the U.S. Attorney's

7    Office, and so I will maintain the original signed pages at the

8    U.S. Attorney's Office.

9            THE COURT:  Okay.  Anything to add to that,

10   Ms. Newman?

11           MS. NEWMAN:  No.  No, thank you, your Honor.

12           THE COURT:  All right.  And anything else from the

13   government?

14           MS. BAGLIEBTER:  No, your Honor.

15           THE COURT:  And anything else from defense?

16           MS. NEWMAN:  Not from the defense.  Thank you, your

17   Honor.

18           THE COURT:  All right.  Thank you all very much.  This

19   matter is adjourned.

20           MS. NEWMAN:  Thank you.

21           MS. BAGLIEBTER:  Thank you.

22                         o0o

23

24

25