K8V7GARP

1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------x

3   UNITED STATES OF AMERICA,

4              v.                          19 Cr. 761

5   DAVONTE GARCIA,

6              Defendant.

7   ------------------------------x
                                      New York, N.Y.
8                                     August 31, 2020
                                      9:00 a.m.
9

10  Before:

11                 HON. J. PAUL OETKEN
                                   District Judge
12

13                     APPEARANCES

14  AUDREY STRAUSS
        Acting United States Attorney for the
15      Southern District of New York
    BY:  FRANK BALSAMELLO
16      Assistant United States Attorney

17  JAMES BRANDEN
        Attorney for Defendant
18

19

20

21

22

23

24

25

K8V7GARP

1          (By video conference)

2          THE COURT:  Good morning, folks.  Can you all hear me?

3    Mr. Brandon, can you hear me?

4          MR. BRANDEN:  I can, Judge.  Good morning.

5          THE COURT:  Good morning.  Mr. Balsamello, can you

6    hear me?

7          MR. BALSAMELLO:  Yes.  Good morning.

8          THE COURT:  Good morning.

9          Mr. Garcia, can you hear me?

10         THE DEFENDANT:  Yes, I can.  Good morning.

11         THE COURT:  Good morning.

12         And, Mr. Hampton, can you hear me?

13         DEPUTY COURT CLERK:  I can hear you.  I was

14   disconnected.  I am now reconnected but only with audio, which

15   is fine.

16         THE COURT:  OK.  You can go ahead and call the case,

17   and we'll start.

18         (Case called)

19         MR. BALSAMELLO:  Good morning, your Honor.  Frank

20   Balsamello for the United States.

21         MR. BRANDEN:  Good morning, Judge.  Jim Brandon for

22   Mr. Garcia, who is present by video.

23         THE COURT:  Good morning.  Is there a probation

24   officer on as well?

25         MS. GARCIA:  Yes, good morning, your Honor, Sandra

K8V7GARP

1    Velez Garcia, U.S. Probation officer.

2            THE COURT:  Good morning.  And I have confirmed that

3    Mr. Garcia can hear and that the court reporter can hear and is

4    taking this down.

5            We'll start with the arraignment on the superseding

6    indictment, which was filed on July 21.  Let me just ask Mr.

7    Balsamello that you can just confirm that there are no changes

8    in the counts that name Mr. Davonte Garcia.

9            MR. BALSAMELLO:  That's correct, from the S2 to the S3

10   the only change is that one additional defendant was added

11   Brandon Gill, otherwise there were no changes between the S2

12   and the S3.

13           THE COURT:  OK.  And, Mr. Garcia, have you had a

14   chance to see a copy of the latest version of the indictment

15   S3?

16           THE DEFENDANT:  Yes.

17           THE COURT:  And you have a right for me to read the

18   indictment publicly, or you can waive that right.  Do you waive

19   public reading of it at this time?

20           THE DEFENDANT:  Yes.

21           THE COURT:  And do you understand the charges against

22   you?

23           THE DEFENDANT:  Yes.

24           THE COURT:  And normally in an arraignment I would ask

25   you how you wish to plead and you would either plead guilty or

K8V7GARP

1       not guilty.  I understand that you have reached an agreement by

2       which you will plead guilty; is that correct?

3                   THE DEFENDANT:  Yes, sir.

4                   THE COURT:  OK.  And, Mr. Branden, I have been

5       informed that your client wishes to plead guilty and he has

6       indicated that pursuant to the plea agreement.  Have you had a

7       chance to review the plea agreement and have you gone over it

8       with him?

9                   MR. BRANDEN:  I have, Judge.  And he has had a chance

10      to review the plea agreement that's dated July 13, 2020.

11                  THE COURT:  OK.  I want to start with the preliminary

12      matter.  We're obviously doing this remotely in light of the

13      COVID-19 pandemic.  We are conducting this conference by video,

14      doing that as authorized by the CARES Act and by Chief Judge

15      McMahon's standing order and finding that plea proceedings

16      cannot be conducted in person without seriously jeopardizing

17      public health and safety as long as the defendant consents.

18      Mr. Branden, have you discussed the subject of proceeding

19      remotely by video with Mr. Garcia?

20                  MR. BRANDEN:  Yes, I have.

21                  THE COURT:  And, Mr. Garcia, have you had a chance to

22      talk to your lawyer about the possibility of proceeding

23      remotely as opposed to waiting when we can do it in person?

24                  THE DEFENDANT:  Yes, I have.

25                  THE COURT:  And do you waive your right to do this in

K8V7GARP

1    person and have your case proceeding by video?

2            THE DEFENDANT:  Yes, I do.

3            THE COURT:  All right.  I find the defendant has

4    consulted with counsel and has voluntarily and knowingly waived

5    his right to an in-person proceeding for purposes of this plea

6    proceeding.

7            I also must make a finding as to whether this

8    proceeding can or cannot be further delayed without serious

9    harm to the interests of justice.  And if there is anything

10   counsel would like to say about the interest in doing this

11   promptly as opposed to waiting and the harm to justice that

12   would be called from waiting further, either one of you can

13   start.

14           MR. BRANDEN:  I will just say on behalf of Mr. Garcia

15   that it is in his best interests to resolve the matter and be

16   moved into a BOP facility, to be moved out of the MCC as soon

17   as possible.  The conditions are wretched and he is pretty

18   miserable there.

19           THE COURT:  OK.  Anything you would like to add, Mr.

20   Balsamello?

21           MR. BALSAMELLO:  I will just add, your Honor, that the

22   government has a number of cooperating witnesses in the case,

23   at least some of whom we anticipate may seek time served

24   sentences when eventually their cases are resolved, which

25   cannot happen until the rest of the defendants charged have

K8V7GARP

1   their cases resolved, so proceeding today and with other

2   defendants' pleas in the case as well will allow us to move

3   ahead with cooperating witness sentencings when that time

4   comes.

5           THE COURT:  OK.  For the reasons given by counsel --

6   which I agree with -- I do find that this proceeding cannot be

7   delayed further without serious harm to the interests of

8   justice, and that this video conference is authorized and

9   appropriate at this time.

10          Mr. Garcia, I have been informed that you wish to

11  plead guilty to conspiracy to distribute and possess with

12  intent to distribute narcotics.  Is that right?

13          THE DEFENDANT:  Correct.

14          THE COURT:  And before accepting your plea, I'm going

15  to ask you certain questions so that I can satisfy myself that

16  you wish to plead guilty because you are guilty and not for

17  some other reason.  If you do not understand any of my

18  questions, or if you would like a further opportunity to talk

19  to your lawyer, please let me know.

20          MR. BALSAMELLO:  Your Honor, may I just interject this

21  might be a technical issue only occurring on my connection

22  here, but I just lost your video on my screen.  I'm not sure if

23  Mr. Branden or Mr. Garcia can see you.  Frankly, as long as

24  Mr. Garcia can, it's no issue if I can't.

25          THE DEFENDANT:  I cannot see him.

K8V7GARP

1          MR. BRANDEN:  I can't either.

2          THE COURT:  Let me try to reconnect.

3          MR. BRANDEN:  We can see you now, Judge.

4          THE COURT:  Mr. Garcia, can you see me?

5          THE DEFENDANT:  Yes.

6          THE COURT:  All right.  OK.  I'm now going to put you

7    under oath, Mr. Garcia, and then I'm going to ask you a bunch

8    of questions.  I put you under oath and that means you have to

9    answer truthfully.  If you intentionally say something not

10   true, you can be prosecuted for perjury because you are under

11   oath.

12          If you could please raise your right hand.

13          (Defendant sworn)

14          THE COURT:  Can you tell me your full name, please.

15          THE DEFENDANT:  Davonte Garcia.

16          THE COURT:  And how old are you, Mr. Garcia?

17          THE DEFENDANT:  I'm 23 years old.

18          THE COURT:  And how far did you go in school?

19          THE DEFENDANT:  Eleventh grade.

20          THE COURT:  And where was that?

21          THE DEFENDANT:  The Bronx, New York, DeWitt Clinton

22   High School.

23          THE COURT:  DeWitt Clinton.

24          THE DEFENDANT:  Yes.

25          THE COURT:  Have you ever been treated or hospitalized

K8V7GARP

1     for any mental illness?

2              THE DEFENDANT:  No.

3              THE COURT:  And are you now or have you recently been

4     under the care of a psychiatrist or a doctor?

5              THE DEFENDANT:  I have been seeing a psychiatrist here

6     and there.

7              THE COURT:  OK.  Are you taking any medications?

8              THE DEFENDANT:  No.

9              THE COURT:  All right.  And have you ever been treated

10    or hospitalized for addiction to drugs or alcohol?

11             THE DEFENDANT:  No.

12             THE COURT:  And in the past 24 hours have you had any

13    drugs or medicine or pills or alcohol?

14             THE DEFENDANT:  No.

15             THE COURT:  And do you understand what is happening in

16    this proceeding today?

17             THE DEFENDANT:  Yes.

18             THE COURT:  All right.  Does either counsel have any

19    doubt as to defendant's competence to plead?  Mr. Branden?

20             MR. BRANDEN:  I do not.

21             THE COURT:  And Mr. Balsamello?

22             THE DEFENDANT:  No.

23             THE COURT:  Based on his responses to my questions and

24    his demeanor as I observe it from his responses, as well as his

25    appearance as I see it on the video, I find that the defendant

K8V7GARP

1    does appear to be competent to enter a plea of guilty, and I

2    make that finding.

3              Mr. Garcia, have you had a sufficient opportunity to

4    discuss your case with your lawyer, including the charge you

5    intend to plead guilty to, any possible defenses and the

6    consequences of pleading guilty?

7              THE DEFENDANT:  Yes, I have.

8              THE COURT:  And are you satisfied with his

9    representation of you?

10             THE DEFENDANT:  Yes, your Honor.

11             THE COURT:  All right.  I am now going to explain

12   certain constitutional rights that you have.  You give up

13   certain rights when you plead guilty, so I just want to make

14   sure you understand those rights.

15             Under the Constitution and laws of the United States,

16   you have the right to a public trial, a speedy trial by a jury

17   on the charges in the indictment.  At the trial you would be

18   presumed innocent and the government would have to prove you

19   guilty beyond a reasonable doubt before you could be convicted.

20             You would not have the burden of proving your

21   innocence.  A jury of 12 people, all 12 of them would have to

22   agree that you are guilty beyond a reasonable doubt.  Do you

23   understand all that?

24             THE DEFENDANT:  Yes.

25             THE COURT:  At that trial and at every stage of your

K8V7GARP

1    case you would have the right to be represented by an attorney,

2    and if you couldn't afford one, one would be appointed to

3    represent you.

4            During a trial, the witnesses for the government would

5    have to come to court and testify in your presence, and your

6    lawyer would be able to cross-examine the government's

7    witnesses, object to the government's evidence, and issue

8    subpoenas and offer evidence and compel witnesses to testify in

9    your defense.  Do you understand that?

10           THE DEFENDANT:  Yes.

11           THE COURT:  At a trial, although you would have the

12   right to testify if you chose to, you would also have the right

13   not to testify, and no suggestion or inference of guilt could

14   be drawn from the fact that you did not testify if that is what

15   you chose.  Do you understand that?

16           THE DEFENDANT:  Yes, I do.

17           THE COURT:  Also, if you were convicted at a trial,

18   you would have the right to appeal that verdict to the Court of

19   Appeals.  Do you understand?

20           THE DEFENDANT:  Yes.

21           THE COURT:  And even at this time as you are entering

22   this plea, is it your intention to plea not guilty and then

23   there would be no trial on these charges?  Do you understand

24   that?

25           THE DEFENDANT:  Yes.

K8V7GARP

1          THE COURT:  And if you do plead guilty and I accept

2    your plea, you will be giving up your right to the trial and

3    the other rights I just described.  There will be no trial, but

4    I will enter judgment of guilty on the one count that you are

5    pleading guilty to, and then I will sentence you later in a

6    couple of months after receiving certain information, including

7    the presentence report and any written submissions from your

8    lawyer and the government before deciding on the sentence.  Do

9    you understand that?

10          THE DEFENDANT:  Yes.

11          THE COURT:  And if you plead guilty, you will also

12   have to give up your right not to incriminate yourself, because

13   you will ask you about what you did so that I can be satisfied

14   that you are actually guilty and not pleading guilty for some

15   other reason.  Do you understand?

16          THE DEFENDANT:  Yes, your Honor.

17          THE COURT:  All right.  Under this plea agreement --

18   of which I have a copy with the cover date of July 13 -- you

19   are agreeing to plead guilty to Count 18 and specifically a

20   lesser included offense involving a lower drug quantity.

21          And I'd like to ask Mr. Balsamello if you would please

22   state the elements of that offense.

23          MR. BALSAMELLO:  Yes, your Honor.  If the case were to

24   proceed to trial, the government would have to prove beyond a

25   reasonable doubt, first, that there was an agreement among two

K8V7GARP

1   or more people to violate the narcotics laws by distributing,

2   or possessing with intent to distribute at least 28 grams of

3   mixtures and substances containing cocaine base, commonly

4   referred to as crack cocaine; and, second, that the defendant

5   entered into that agreement knowingly and with the intent to

6   further its objectives.

7          We would also have to show by a preponderance of the

8   evidence that there was venue in the Southern District of New

9   York, meaning that some portion of the crime occurred here in

10  this District.

11         THE COURT:  Thank you.  I also want to explain the

12  penalty under the law for this crime.  There are two things.

13  There is what is called a statute that has a minimum and a

14  maximum, and I am basically limited to those minimum and

15  maximum periods of imprisonment.  But then there is the

16  sentencing guidelines, which is something that is advisory.

17         So the statute, the first thing I want to explain what

18  the maximum and minimum penalties are.  There is a maximum of

19  40 years' imprisonment for this crime with a mandatory minimum

20  of five years' imprisonment.  There is a maximum fine of the

21  greatest of $5 million, or twice the total gain from the

22  offense or twice the total loss to others from the offense; and

23  there is a $100 special assessment.

24         There is also a term of supervised release for up to

25  life, with a mandatory minimum of at least four years

K8V7GARP

1    supervised release.  And when I say supervised release, that's

2    essentially like probation.  It means after any period of

3    imprisonment, you are subject to certain terms and conditions

4    to comply with during that period, and if you don't comply with

5    them, you can be returned to prison without a jury trial.

6            Also as part of the plea agreement you have to admit

7    to the forfeiture allegation and agree to forfeit to the United

8    States government any property derived from proceeds from this

9    offense or used to facilitate this offense as explained in the

10   plea agreement.

11           Are you a United States citizen?

12           THE DEFENDANT:  Yes.

13           THE COURT:  All right.  Also, if your attorney or

14   anyone has attempted to predict or promise you what your

15   sentence will be, I want to explain that I am the one who is

16   going to determine your sentence, so no one else can guarantee

17   you what your sentence is going to be.  I'm going to wait until

18   I receive the presentence report and any other written

19   submissions and then consider the sentencing guidelines, any

20   departures or variances, and ultimately what an appropriate

21   sentence is for you.  So, no one else can promise you what your

22   sentence is going to be.  And if I impose a sentence that's not

23   what you had expected or what someone has told you, you will

24   still be bound by this guilty plea on this count; do you

25   understand that?

K8V7GARP

1          THE DEFENDANT:  Yes.

2          THE COURT:  Has anyone tried to force you to plead

3    guilty or threaten you?

4          THE DEFENDANT:  No, no.

5          THE COURT:  OK.  And I mentioned the plea agreement.

6    It's the July 13th plea agreement that I have signatures on to

7    this count of the S3 indictment.  Did you have a chance to read

8    this agreement in full and go over it with your lawyer?

9          THE DEFENDANT:  Yes, I have.

10          THE COURT:  And do you feel you understand everything

11    that's in the plea agreement?

12          THE DEFENDANT:  Yes, your Honor.

13          THE COURT:  All right.  Do you have any agreement or

14    understanding with the government that's been left out of this

15    agreement?

16          THE DEFENDANT:  No, your Honor.

17          THE COURT:  All right.  Under the plea agreement there

18    is an agreed-upon sentencing guideline range.  As I said, the

19    sentencing guidelines are advisory; I need to consider them but

20    they're not binding, although I am bound by that five year

21    mandatory minimum.  But the sentencing range that's in this

22    agreement is 70 months' to 87 months' imprisonment.  That is

23    binding on you and the government, but it's not binding on me.

24    I will make my own sentencing guideline calculation, although I

25    have no reason to think that's not the right sentencing

K8V7GARP

1    guideline calculation.

2              Do you understand that?

3              THE DEFENDANT:  Yes.

4              THE COURT:  And one thing I want to make sure you

5    understand is that you are giving up your right to appeal or

6    challenge your sentence as long as I sentence you within or

7    below that range, that is, to 87 months or less.  Do you

8    understand that?

9              THE DEFENDANT:  Yes, your Honor.

10             THE COURT:  And do you still wish to plead guilty?

11             THE DEFENDANT:  Yes, your Honor.

12             THE COURT:  And are you doing so voluntarily and of

13   your own free will?

14             THE DEFENDANT:  Yes.

15             THE COURT:  All right.  Would you please tell me in

16   your own words what you did that makes you believe you are

17   guilty of this charge.

18             THE DEFENDANT:  In 2018 I chose to sell crack cocaine

19   with another in the Bronx area.  I knew it was illegal.

20             THE COURT:  You said you agreed with another to sell

21   crack cocaine?

22             THE DEFENDANT:  Yes, in the Bronx area.

23             THE COURT:  When you did that --

24             MR. BALSAMELLO:  I think he also said that he knew

25   that was illegal.

K8V7GARP

1          THE DEFENDANT:  Yes, I did, I knew it was illegal.

2          THE COURT:  OK, thank you.  Mr. Balsamello, do you

3   believe that's sufficient for the plea, or do you believe there

4   is any other questioning that would be appropriate?

5          MR. BALSAMELLO:  I would just ask for confirmation

6   that the agreement contemplated at least 28 grams of crack

7   cocaine.

8          THE DEFENDANT:  Yes.

9          THE COURT:  OK.  It did involve at least 28 grams of

10   crack cocaine, Mr. Garcia?

11          THE DEFENDANT:  Yes, your Honor.

12          THE COURT:  All right.?

13          MR. BRANDEN:  Judge, if I may interrupt also.  I just

14   want to note that I met with Mr. Garcia before this change of

15   plea hearing.  He authorized me to sign his name on the last

16   page of the July 13th plea agreement.  I did so, and I sent it

17   to the court.

18          THE COURT:  OK.  Thank you.  Yes, I did just receive

19   that, and I should go over that briefly.

20          There is a plea agreement that has a signature line

21   for you, Mr. Garcia, as well as your lawyer, as well as the

22   government's lawyer, and what that reflects is it's a binding

23   agreement.  You are agreeing to it?  Do you authorize your

24   lawyer Mr. Branden to sign for you that agreement?

25          THE DEFENDANT:  Yes, I do.

K8V7GARP

1          THE COURT:  OK.  And by doing that, you are agreeing

2     to be bound by that agreement; is that right?

3          THE DEFENDANT:  Yes.

4          THE COURT:  All right.  Thank you.  Mr. Balsamello, do

5     you believe there is sufficient factual predicate for the plea

6     at this point?

7          MR. BALSAMELLO:  Yes, I do.

8          THE COURT:  And you as well, Mr. Branden?

9          MR. BRANDEN:  I do, Judge, yes.

10          THE COURT:  And you don't know of any other reason why

11     I should not accept your client's guilty plea?

12          MR. BRANDEN:  No, I believe you should accept it.

13          THE COURT:  All right.  Mr. Garcia, since you

14     acknowledge that you are in fact guilty as charged, and since

15     I'm satisfied that you know your rights, including your right

16     to go to trial, and that you are aware of the consequences of

17     your plea, including the sentence which may be imposed, I do

18     find that you are voluntarily pleading guilty, and I accept

19     your guilty plea and enter judgment own Count 18, specifically

20     the lesser included offense of conspiracy to distribute and

21     possess with intent to distribute 28 grams of mixtures and

22     substances containing cocaine base.

23          Now, the next --

24          MR. BALSAMELLO:  Your Honor, I apologize, your Honor.

25          THE COURT:  Go ahead.

1          MR. BALSAMELLO:  I apologize, Judge.  There is one

2     other topic related to the factual basis of the plea.  If you

3     can just allocute Mr. Garcia.  The appellate waiver also

4     contemplates that he cannot appeal any lawful term of

5     supervised release or forfeiture.  I just want to make sure --

6     fine or forfeiture.  I just want to make sure that's addressed.

7          THE COURT:  OK.  So when I said you're giving up your

8     right to appeal, Mr. Garcia, if I sentence you within or below

9     the guideline range, that also applies to any forfeiture, any

10    supervised release period like the probation after

11    incarceration period, and any fine that's lawful within the

12    ranges I discussed.  Do you understand you're giving up your

13    right to appeal any of those, as long as they are lawful as

14    imposed by me?

15          THE DEFENDANT:  Yes.

16          THE COURT:  All right.  Anything further?

17          MR. BALSAMELLO:  No, Judge.  Thank you.

18          THE COURT:  OK.

19          As I said, I do accept your plea and enter judgment of

20    guilty on the count that I mentioned.

21          The next step in the process is sentencing.  I will

22    set a date for sentencing now, and you will have a chance I

23    assume by phone to have a meeting both with your lawyer and

24    with the probation officer who is preparing the presentence

25    report.

K8V7GARP

1          Now, the normal time for sentencing is about 100 days

2      out, which would put us in early December.  Is there any issue

3      with putting sentencing on Thursday, December 10?

4          MR. BRANDEN:  I don't have my book in front of me,

5      Judge, but I don't believe that's a problem.  If it is, I will

6      write the court.

7          THE COURT:  OK.  Is that OK with the government?

8          MR. BALSAMELLO:  It is, your Honor.

9          THE COURT:  All right.  Sentencing is set for

10     Thursday, December 10 at 12 noon.  And defense submissions will

11     be due December 1 and government submissions due December 7.

12     That's a little less than the usual two weeks and one week out

13     because of the Thanksgiving holidays, but that's fine for me,

14     December 1 and December 7 for written submissions.

15          Anything further from the government?

16          MR. BALSAMELLO:  No, your Honor.  I will just note for

17     the record that we have spoken to Mr. Branden about actually

18     mailing us an original copy of the signature page on the

19     agreement, so we will keep that in our records as if this had

20     been an in-person plea and we had the paper with us.  Nothing

21     further from the government.

22          THE COURT:  All right.  Anything further from the

23     defense?  Mr. Branden?

24          MR. BRANDEN:  Judge, just one quick note.  I know

25     given the defendant has pled guilty to a (b)(1)(B) drug

K8V7GARP

1    offense, that even if he were at liberty at the moment -- which

2    he is clearly not -- he would likely be remanded, but I may be

3    making a bail application in the next few days.  If I do so, I

4    will do that by writing.  And I have told Mr. Balsamello that I

5    was planning on doing that.  I just have to check with

6    Mr. Garcia's -- certain family member of his before I put pen

7    to paper.

8              THE COURT:  OK.  Thanks for letting me know.  All

9    right.  Thank you, everyone.  This court is adjourned.

10             (Adjourned)

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25