```
K9B5livP                      plea
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,                New York, N.Y.

          v.                             19 Cr. 761 (JP)

CHRISTIAN LIVERMAN,

               Defendant.

------------------------------x

                                         September 11, 2020
                                         10:35 a.m.

Before:

                    HON. J. PAUL OETKEN,

                                         District Judge


                         APPEARANCES

AUDREY STRAUSS
     Acting United States Attorney for the
     Southern District of New York
BY:  FRANK J. BALSAMELLO
     Assistant United States Attorney

DAVID TOUGER
     Attorney for Defendant

1                   (Via telephone)
2                   THE COURT:  Good morning.  This is Judge Oetken.
3      Bruce, if everyone is on you can call the case.
4                   THE DEPUTY CLERK:  Starting with the government,
5      counsel, please state your name for the record.
6                   MR. BALSAMELLO:  Good morning, your Honor.  Frank
7      Balsamello for the United States.
8                   THE COURT:  Good morning.
9                   MR. TOUGER:  Good morning, your Honor.  David Touger
10     for Mr. Liverman.
11                  THE COURT:  Good morning.
12                  I understand we are here for a change of plea hearing
13     and initially we need to do the arraignment on the superseding
14     indictment S3.  Mr. Balsamello, if you could just confirm for
15     me whether there is any changes to any count naming
16     Mr. Liverman from S2 to S3?
17                  MR. BALSAMELLO:  No, your Honor.  The only change is
18     to any counts that he is named in are, in addition to one
19     further defendant, Lyith Brandon Gill, but otherwise the
20     substance of the charges are identical.
21                  MR. TOUGER:  This is David Touger speaking.
22                  We would enter plea of not guilty to S3.
23                  THE COURT:  Okay all right.  Let me just confirm,
24     Mr. Liverman, can you hear me?
25                  THE DEFENDANT:  Yes.

1           THE COURT:  And have you seen a copy of the latest
2   version of the indictment that was filed on July 21st, S3?
3           THE DEFENDANT:  Yes.
4           THE COURT:  Do you waive public reading of it at this
5   time?
6           THE DEFENDANT:  Yes.
7           THE COURT:  And you understand the charges against
8   you?
9           THE DEFENDANT:  Yes.
10          THE COURT:  Mr. Touger has entered a plea of not
11  guilty on your behalf but I understand that you wish to change
12  your plea pursuant to a plea agreement today; is that correct?
13          THE DEFENDANT:  Yes.
14          THE COURT:  Mr. Touger, I have been informed that your
15  client wishes to change his plea to guilty pursuant to a plea
16  agreement.  Do you know whether he has had a chance to review
17  and/or sign the plea agreement?
18          MR. TOUGER:  Yes, he has, your Honor.
19          THE COURT:  Did he sign it himself or did you sign it
20  for him?
21          MR. TOUGER:  I signed it for him but I have reviewed
22  each paragraph with him.  Due to the pandemic I was not able to
23  go into the jail and get to him.
24          THE COURT:  Right.
25          Have you had a chance to talk to him about proceeding

1    remotely as opposed to doing this proceeding in person?

2            MR. TOUGER:  Yes, I have, your Honor, and he

3    understands that he could wait to do it in person but we agree

4    to proceed remotely.

5            THE COURT:  All right.  Mr. Liverman, you understand

6    that you have a right to have this proceeding in person but

7    under the circumstances you can waive that right and proceed

8    today by phone conference?  Do you agree to do that?

9            THE DEFENDANT:  Yes, your Honor.

10           THE COURT:  I find the defendant has consulted with

11   counsel and has knowingly and voluntarily waived his right to

12   an in-person proceeding today, that he consents to proceed by

13   telephone.  I also find that video is not reasonably available

14   at this time so we are proceeding by audio.  I also must make a

15   finding as to when this proceeding can or cannot be further

16   delayed without serious harm to the interests of justice, and I

17   would just like to hear briefly from counsel for defendant and

18   counsel for the government on that issue, starting with -- I

19   guess I will start with Mr. Balsamello.

20           MR. BALSAMELLO:  Your Honor, the government view is

21   that the proceeding cannot be delayed for several reasons, one

22   of which is that there are multiple cooperating witnesses in

23   this case whose sentencings are awaiting the resolution of the

24   matter. We expect that some, if not all of them, will at least

25   seek sentences of time-served and may potentially get those, so

we believe it is in the interest of justice to resolve the
non-cooperating defendants' cases as expeditiously as possible.

I believe Mr. Touger may elaborate on this or may state the same, but the MCC and MDC are also pretrial holding facilities and moving through the plea and towards sentencing will allow BOP to designate Mr. Liverman and transport him to a more suitable long-term facility.

MR. TOUGER:  That's exactly our reason, your Honor. The MCC has been a horrible place to be.  It is typically a horrible place but these last few months it has been worse than ever and the quicker we can get Mr. Liverman out of there, the better.

THE COURT:  All right.  I think those are all good reasons for proceeding today as opposed to waiting until we can do it in person and I find the proceeding cannot be further delayed without serious harm to the interests of justice.

Mr. Liverman, I have been informed that you wish to plead guilty to conspiracy to distribute and possess with intent to distribute narcotics, specifically at least 28 grams of crack cocaine; is that correct?

THE DEFENDANT:  Yes.

THE COURT:  And before accepting your plea I'm going to ask you some questions to establish that you are pleading guilty because you are in fact guilty and not for some other reason.  If at any point you want to take a break and speak

K9B5livP                         plea

    1  with your counsel because you have questions or you want

    2  something clarified, just let me know.  All right?

    3         THE DEFENDANT:  All right.

    4         THE COURT:  I am now going to swear you in, if you

    5  could please raise your right hand?  Are you able to raise your

    6  right hand?

    7         THE DEFENDANT:  Yes.

    8         (Defendant sworn)

    9         THE COURT:  You can put your hand down.

   10         You are now under oath and that means that if you

   11  answer any of my questions falsely you can be prosecuted for

   12  perjury.  Do you understand that?

   13         THE DEFENDANT:  Yes.

   14         THE COURT:  Could you please tell me your full name?

   15         THE DEFENDANT:  Christian Jenerson Liverman.

   16         THE COURT:  How old are you, Mr. Liverman?

   17         THE DEFENDANT:  28 years old.

   18         THE COURT:  How far did you go in school?

   19         THE DEFENDANT:  I received my high school diploma.

   20         THE COURT:  Where did you go to high school?

   21         THE DEFENDANT:  Harry S. Truman High School in the

   22  Bronx.

   23         THE COURT:  In the Bronx?

   24         THE DEFENDANT:  Yes.

   25         THE COURT:  Have you ever been hospitalized or treated

K9B5livP                          plea

1  for any mental illness?
2          THE DEFENDANT:  I have been hospitalized but not
3  treated for mental illness.
4          THE COURT:  When you were hospitalized, what was it
5  for?
6          THE DEFENDANT:  One time I got my appendix taken out.
7  A few years ago I got shot.
8          THE COURT:  But you were never hospitalized for any
9  mental illness?
10         THE DEFENDANT:  No.
11         THE COURT:  Have you ever been diagnosed with a mental
12 health condition?
13         THE DEFENDANT:  No.
14         THE COURT:  And have you ever been treated or
15 hospitalized for addiction to drugs or alcohol?
16         THE DEFENDANT:  I have never been hospitalized for it,
17 no.
18         THE COURT:  Have you ever been through a treatment,
19 drug or alcohol treatment program?
20         THE DEFENDANT:  No.
21         THE COURT:  And in the past 24 hours have you had any
22 drugs or medicine or had any alcohol?
23         THE DEFENDANT:  No.
24         THE COURT:  Do you understand what's happening in this
25 proceeding today?

1         THE DEFENDANT:  Yes.
2         THE COURT:  And I am going to ask counsel if either of
3  you has any doubt as to the defendant's competence to plead at
4  this time.
5         Mr. Touger?
6         MR. TOUGER:  No, your Honor.
7         THE COURT:  Mr. Balsamello?
8         MR. BALSAMELLO:  No, your Honor.
9         THE COURT:  Based on his responses to my questions and
10  his demeanor as I perceive it from his responses, I do find
11  that the defendant is competent to enter a plea of guilty.
12         Mr. Liverman, have you had a sufficient opportunity to
13  discuss your case with your lawyer including the charge you
14  intend to plead guilty to, any possible defenses, and the
15  consequences of pleading guilty?
16         THE DEFENDANT:  Yes.
17         THE COURT:  Are you satisfied with his representation
18  of you?
19         THE DEFENDANT:  Yes.
20         THE COURT:  I am now going to explain certain
21  constitutional rights that you have.  When you plead guilty you
22  give up the certain constitutional rights and so I am
23  explaining them just to make sure that you understand what
24  those rights are and the fact that you give them up when you
25  plead guilty.

         Under the Constitution and laws of the United States you have the right to a public trial by a jury on the charges in the indictment, also a speedy trial by a jury on these charges.

         Do you understand that?

         THE DEFENDANT:  Yes.

         THE COURT:  At that trial you would be presumed innocent and the government would be required to prove you guilty beyond a reasonable doubt before you could be convicted of these charges.  You would not have the burden of proving you innocence, but a jury of 12 people would have to agree -- all 12 of them -- that you were guilty before you could be convicted.

         Do you understand that?

         THE DEFENDANT:  Yes.

         THE COURT:  At that trial and at every stage of your case you would have the right to be represented by a lawyer and if you could not afford one, a lawyer would be appointed to represent you, like Mr. Touger.

         Do you understand that?

         THE DEFENDANT:  Yes.

         THE COURT:  During a trial, the witnesses for the government would have to come to Court and testify in your presence and your lawyer would have the chance to cross examine those witnesses, object to the government's evidence, and offer

K9B5livP                         plea

1    evidence and compel witnesses to testify in your defense.
2             Do you understand that?
3             THE DEFENDANT:  Yes.
4             THE COURT:  At a trial you would have the right to
5    testify if you chose to but you would also have the right not
6    to testify, and no inference or suggestion of guilt could be
7    drawn from the fact that you did not testify if that's what you
8    chose.
9             Do you understand that?
10            THE DEFENDANT:  Yes.
11            THE COURT:  If you were convicted at the end of the
12   trial you would also have the right to appeal that verdict to
13   the Court of Appeals.
14            Do you understand?
15            THE DEFENDANT:  Yes.
16            THE COURT:  Even at this time, as you are entering
17   this plea, you do have the right to change your mind and
18   continue pleading not guilty and then we would have a trial on
19   these charges.
20            Do you understand that?
21            THE DEFENDANT:  Yes.
22            THE COURT:  However, if you plead guilty and I accept
23   your plea, you will be giving up your right to the trial and
24   the other rights I just described.  Rather, there will be no
25   trial but I will enter a judgment of guilty and then sentence

1  you not today but in a few months on the basis of that guilty
2  plea.
3              Do you understand?
4              THE DEFENDANT:  Yes.
5              THE COURT:  And if you do plead guilty you will also
6  have to give up your right to incriminate yourself because I
7  will ask you what you did to satisfy myself that you are in
8  fact guilty.
9              Do you understand?
10             THE DEFENDANT:  Yes.
11             THE COURT:  I would like to ask Mr. Balsamello if you
12 would please state the elements of the pertinent offense that
13 the defendant is pleading guilty to.
14             MR. BALSAMELLO:  Yes, your Honor.
15             If the case proceeded to trial, the government would
16 have to prove, beyond a reasonable doubt two elements.  First,
17 that there was an agreement among two or more people to violate
18 the narcotics laws by distributing or possessing with intent to
19 distribute at least 28 grams of mixtures and substances
20 containing a detectable amount of cocaine base commonly
21 referred to as crack cocaine; and second, that the defendant
22 entered into that agreement knowingly and with the intent to
23 further its objectives.  The government would also have to
24 prove, by a preponderance of the evidence, that some portion of
25 the crime occurred in the Southern District of New York.

1        THE COURT:  Thank you.

2        So, those elements, Mr. Liverman, are the elements of
3   this crime that you are pleading guilty to so if there were a
4   trial I would be explaining to the jury that they must find
5   each of those elements beyond a reasonable doubt, and
6   unanimously, meaning all 12 of the jurors would have to find
7   that.

8        I also want to explain the maximum possible penalty
9   under the law.  We will get to the sentencing guidelines in a
10  minute but with respect to the statute which has the overall
11  maximum and minimum punishment for this crime, the statute
12  provides for a maximum of 40 years' imprisonment with a
13  mandatory minimum of five years' imprisonment.  There is a
14  maximum fine of the greatest of $5 million or twice the total
15  gain from the offense or twice the total loss to any others
16  from the offense, and there is a $100 special assessment.
17  There is a term of supervised release for up to life with a
18  mandatory minimum of at least four years supervised release.
19  And when I say supervised release, that's essentially like
20  probation, it means that following a term of incarceration you
21  will be subject to monitoring for a period of time and you will
22  be subject to certain terms and conditions and if you fail to
23  comply with those terms and conditions you can be returned to
24  prison without a jury trial.

25       Also, as part of your plea agreement, you must admit

to the forfeiture allegation in the indictment and agree to forfeit to the United States government any property derived from proceeds from this offense or used to facilitate this offense.

Mr. Liverman, are you a United States citizen?

THE DEFENDANT: Yes.

THE COURT: Also, if your attorney or anyone has attempted to promise you or predict what your sentence will ultimately be, I want to explain that I am the one who is going to determine your sentence and therefore no one else can assure you what I am going to determine as your sentence. I am going to wait until I receive any written submissions including a presentence report from the Probation Department, any written submissions from your counsel and the government, and then ultimately determine, based on the sentencing guidelines as a starting point but then considering any possible departures or variances from the guidelines, what an appropriate sentence is for you based on all the factors in the governing statute which is Section 3553(a) of Title 18. And even if your sentence is different from what anyone has told you or what you expect, you will still be bound by your guilty plea and not be allowed to withdraw your guilty plea.

Do you understand that?

THE DEFENDANT: Yes.

THE COURT: Has anyone threatened you or forced you to

K9B5livP                         plea

1    plead guilty?
2             THE DEFENDANT:  No.
3             THE COURT:  And have you agreed to a plea agreement
4    with the government?
5             THE DEFENDANT:  Not yet.
6             THE COURT:  Well, did you go over a written agreement
7    with your lawyer and permit him to sign for you?
8             THE DEFENDANT:  Yes.
9             THE COURT:  Did you have a chance to go over the
10   entire agreement so that you understand everything that is in
11   it?
12            THE DEFENDANT:  Yes.
13            THE COURT:  Do you have any separate agreement outside
14   that agreement or understanding with the government?
15            THE DEFENDANT:  No.
16            THE COURT:  Again, you said you authorized your lawyer
17   to sign for you so that it is binding on you?
18            THE DEFENDANT:  Yes.
19            THE COURT:  Under the plea agreement I have a copy of
20   it with a cover date of August 25th and with the signatures on
21   it.  There is a stipulated guideline range of 87 months to 108
22   months' imprisonment with a five-year mandatory minimum, as I
23   said.  Now, the Sentencing Guidelines are no longer binding,
24   they're advisory, but I am required to consider them, among
25   other factors, in determining an appropriate sentence.  And you

K9B5livP                     plea

1    have agreed with the government that the stipulated -- the
2    agreed upon guideline range is 87 months to 108 months'
3    imprisonment.  Now, your lawyer will be able to argue for a
4    sentence that is below the guideline range but I want to make
5    sure you understand that you are giving up your right to appeal
6    or challenge your sentence as long as I sentence you within or
7    below that guideline range.
8              Do you understand that?
9              THE DEFENDANT:  Yes.
10             THE COURT:  And do you still wish to plead guilty?
11             THE DEFENDANT:  Yes.
12             THE COURT:  And are you pleading guilty voluntarily
13   and of your own free will?
14             THE DEFENDANT:  Yes.
15             THE COURT:  Would you please tell me what you did that
16   makes you believe you are guilty of this charge?
17             THE DEFENDANT:  I agreed to sell narcotics with
18   others.
19             THE COURT:  And where was that?
20             THE DEFENDANT:  Crack.
21             THE COURT:  Were you in Manhattan or the Bronx or
22   somewhere else?
23             THE DEFENDANT:  The Bronx.
24             THE COURT:  In the Bronx.
25             And was it at least 28 grams of crack cocaine?

1              THE DEFENDANT:  Yes.

2              THE COURT:  And did you understand that what you were

3     doing was illegal?

4              THE DEFENDANT:  Yes.

5              THE COURT:  Mr. Balsamello, does the government

6     believe there is any additional questioning necessary for a

7     guilty plea?

8              MR. BALSAMELLO:  Two questions, your Honor.  First,

9     just the date or date range of the conduct.

10             THE COURT:  Okay.

11             Mr. Liverman, can you tell me the approximate timing

12    of the agreement you mentioned?

13             THE DEFENDANT:  It was about from the range of 2017 to

14    2019.

15             THE COURT:  All right.  Anything else, Mr. Balsamello?

16             MR. BALSAMELLO:  Thank you, Judge.

17             Separate from the allocution, if your Honor could just

18    confirm that the defendant understands that his waiver of the

19    right to appeal also includes that he cannot appeal any lawful

20    term of supervised release, fine, or forfeiture?

21             THE COURT:  Okay.

22             So, Mr. Liverman, I mentioned that you would not be

23    able to appeal if I sentence you within or below the sentencing

24    guideline range in terms of imprisonment.  Do you understand

25    that you are also giving up your right to appeal any lawful

1  imposition of supervised release conditions or any fine or
2  forfeiture or monetary assessment?
3            THE DEFENDANT:  Yes.
4            THE COURT:  Do you understand that?
5            THE DEFENDANT:  Yes.
6            THE COURT:  Let me ask Mr. Touger, do you also believe
7  there is sufficient factual basis for the plea based on the
8  defendant's allocution?
9            MR. TOUGER:  Yes, your Honor.
10           THE COURT:  Do you know of any reason why I should not
11 accept your client's guilty plea?
12           MR. TOUGER:  No, your Honor.
13           THE COURT:  Mr. Balsamello, do you agree that there is
14 now a sufficient factual basis for the guilty plea?
15           MR. BALSAMELLO:  Yes, I do.
16           THE COURT:  Mr. Liverman, since you acknowledge that
17 you are guilty as charged and since I am satisfied that you
18 know your rights including your right to go to trial and that
19 you are aware of the consequences of your plea including the
20 sentence that may be imposed, I find you are voluntarily
21 pleading guilty and I accept your guilty plea and enter a
22 judgment of guilty on the count to which you have pleaded, that
23 is the lesser included offense that has the Count 18 of
24 conspiracy to distribute and possess with intent to distribute
25 28 grams of mixtures and substances containing cocaine base.

        Now, the next step in the process is for me to set a date for sentencing and Mr. Touger will explain to you the presentence report process.  The probation officer who is preparing the presentence report will set up an interview to ask you questions.  anything you do say to them, please try to make it as accurate as possible because it can have a negative effect if you are not truthful when talking to them.

        Now, in terms of timing for that process to go forward, we usually go about 100 days out which we would be looking at December 21st, thereabouts.

        Does December 21st work for Mr. Touger?

        MR. TOUGER:  Yes, your Honor.

        THE COURT:  Is that okay for the government?

        MR. BALSAMELLO:  Yes, your Honor.

        THE COURT:  Sentencing is set for December 21st at 2:30 p.m.  Any written submissions for the defendant will be due December 7th, which is two weeks before sentencing; and government submissions due December 14th, which is one week before sentencing.  Again, December 21st, 2020 2:30 p.m. is the date for sentencing.

        Is there anything further from the government today?

        MR. BALSAMELLO:  No, Judge.  I will note for the record that we have asked Mr. Touger to send us the original signature page for the agreement so we will keep that in our records as if we had been in court together and had the actual

K9B5livP                         plea

1  hard copy.  There is nothing further beyond that.
2            THE COURT:  Okay.  Thank you.
3            Anything further, Mr. Touger?
4            MR. TOUGER:  Judge, if I could have two or three
5  minutes with Mr. Liverman alone when we are done?
6            THE COURT:  Sure.  That's fine.  I think that's
7  doable, if we sign off.  I will sign off in a minute and,
8  Mr. Balsamello, you can sign off and hopefully you will still
9  be able to stay on for a couple minutes.
10           MR. TOUGER:  Great.  Thank you very much.
11           THE COURT:  Thanks everybody.  This matter is
12 adjourned.
13                              o0o
14
15
16
17
18
19
20
21
22
23
24
25