K8Q6RIVC

1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------x

3   UNITED STATES OF AMERICA,

4            v.                                   19CR761(JPO)

5   CARLOS RIVERA,

6            Defendant.

7   ------------------------------x

8                                            New York, N.Y.
                                             August 26, 2020
9                                            11:25 a.m.

10

    Before:
11
                          HON. J. PAUL OETKEN,
12
                                             District Judge
13

14                           APPEARANCES

15  AUDREY STRAUSS
         Acting United States Attorney for the
16       Southern District of New York
    JAMIE E. BAGLIEBTER
17       Assistant United States Attorney

18  DANIEL A. MCGUINNESS
         Attorney for Defendant
19

20

21

22

23

24

25

K8Q6RIVC

1        (Case called; videoconference)

2        THE DEPUTY CLERK:  In matter of United States v.

3    Carlos Rivera.

4        Government, please state your name for the record.

5        MS. BAGLIEBTER:  Good morning, your Honor.  Jamie

6    Bagliebter for the government.

7        THE COURT:  Good morning.

8        MR. McGUINNESS:  For Mr. Rivera, Daniel McGuinness.

9    Good morning, your Honor.

10        THE COURT:  Good morning.

11        Anyone else?

12        This is Judge Oetken.  I have the video and audio and

13    can see and hear the parties.  I believe first we have to cover

14    the arraignment on the Superseding Indictment S3, which was

15    filed on July 21st.

16        Mr. McGuinness, do you know if your client has seen a

17    copy of the superseding indictment?

18        MR. McGUINNESS:  Yes, your Honor.

19        THE COURT:  Ms. Bagliebter, I know that S3 adds a

20    defendant.  Does it change anything else in the counts against

21    Mr. Rivera?

22        MS. BAGLIEBTER:  No, your Honor.

23        THE COURT:  All right.  Thank you.

24        Mr. Rivera, have you seen a copy of the superseding

25    indictment, S3, the newest one?

K8Q6RIVC

1          THE DEFENDANT:  Yes, your Honor.

2          THE COURT:  Do you waive public reading of the

3     indictment at this time?

4          THE DEFENDANT:  What does that mean?

5          THE COURT:  You have a right for me to read the entire

6     thing, or do you waive that right?

7          THE DEFENDANT:  Yeah.  I waive that right.

8          THE COURT:  Do you understand the charges against you?

9          THE DEFENDANT:  Yes.

10          THE COURT:  Normally I would ask for your plea of

11     guilty or not guilty.  We'll get to the guilty plea later.

12          For now do you plead not guilty?

13          THE DEFENDANT:  Yeah.

14          THE COURT:  I will enter a plea of not guilty and then

15     we'll go through the change of plea pursuant to the plea

16     agreement.

17          Mr. McGuinness, I have been informed your client

18     wishes to change his plea to guilty pursuant to a plea

19     agreement; is that correct.

20          MR. McGUINNESS:  Yes, your Honor.

21          THE COURT:  Has he had a chance to review the plea

22     agreement and what is the status of the signature of it?

23          MR. McGUINNESS:  We have had a chance to review it.

24     He has not been able to return a signed copy to me.  He has

25     indicated to me that he is consenting to the Court signing on

K8Q6RIVC

1    his behalf.

2            THE COURT:  We're proceeding by videoconference and

3    doing that is authorized by the Cares Act in light of the

4    COVID-19 pandemic and by Chief McMahon's standing order.  I am

5    finding that plea proceedings cannot be conducted in person

6    without seriously jeopardizing public health and safety subject

7    to the defendant's consent.

8            Mr. McGuinness, have you discussed the subject of

9    proceeding by videoconference with the defendant?

10           MR. McGUINNESS:  Yes, we have, your Honor, and he has

11   consented.  Yes, your Honor.  I have explained to my client

12   that he has right to be present in person and to have his

13   present in person by his side, and he has consented to

14   proceeding by video as we are today.

15           THE COURT:  Mr. Rivera; is that correct?

16           THE DEFENDANT:  Yes, your Honor.

17           THE COURT:  You are okay with proceedings by video

18   today?

19           THE DEFENDANT:  Yes, your Honor.

20           THE COURT:  I find the defendant has consulted with

21   the counsel and has knowingly and voluntarily waived his right

22   to an in-person proceeding for a change of plea hearing.

23           I also have to make a finding as to whether the

24   proceeding can or cannot be further delayed without serious

25   harm to the interest of justice.  I wonder if you can briefly

K8Q6RIVC

1      address that, Mr. McGuinness.

2              MR. McGUINNESS:  Your Honor, I believe it is in the

3      interest of justice to proceed with this plea so we can

4      expeditiously move to sentencing.  Additionally, your Honor, I

5      believe it is important for my client to be designated to a

6      longer term facility as this does include a mandatory minimum

7      sentence, this plea agreement he is agreeing to, so he can have

8      the educational opportunities and other programs in those

9      facilities that are not available where he is.

10             THE COURT:  Ms. Bagliebter, anything you would like to

11     add?

12             MS. BAGLIEBTER:  Yes, your Honor.  In addition to the

13     reasons set forth by the defendant, the government further

14     believes that the plea cannot be further delayed without

15     serious harm to the interest of justice because of the

16     government's ability to move forward with its case of four

17     cooperating witnesses, some of whom we expect to seek a

18     sentence of time-served is dependent on the defendant and the

19     co-defendants moving forward in their cases.

20             THE COURT:  Thank you.

21             For all the reasons stated by counsel, I do find that

22     the proceedings cannot and should not be further delayed

23     without serious harm to the interest of justice and therefore

24     proceedings by videoconference is authorized and appropriate.

25             Mr. Rivera, I have been informed you wish to plead

K8Q6RIVC

1   guilty to conspiracy to distribute and possess with intent to

2   distribute narcotics.

3           Is that correct?

4           THE DEFENDANT:  Yes, your Honor.

5           THE COURT:  Before accepting your plea, I am going to

6   ask you some questions to establish that you are pleading

7   guilty because you are guilty and not for some other reason.

8   If you don't understand any of my questions or if you would

9   like to take a break and speak further to your counsel, just

10  let me know.

11          Will you please raise your right hand, and I am going

12  to swear you in.

13          (Defendant sworn)

14          THE COURT:  You are now under oath.  And if you answer

15  my questions falsely, you can be prosecuted for perjury.

16          Do you understand that?

17          THE DEFENDANT:  Yes, your Honor.

18          THE COURT:  What is your full name?

19          THE DEFENDANT:  Carlos Rivera.  Carlos Alberto Rivera,

20  Jr.  That's my whole name.

21          THE COURT:  Carlos Alberto Rivera, Jr.?

22          THE DEFENDANT:  Yes, sir.

23          THE COURT:  How old are you?

24          THE DEFENDANT:  I am 19.  I turn 20 October --

25          THE COURT:  October 20 what?

K8Q6RIVC

1          THE DEFENDANT:  25th.

2          THE COURT:  How far did you go in school?

3          THE DEFENDANT:  Like 10th -- 10th grade.

4          THE COURT:  Where was that?

5          THE DEFENDANT:  I went to two different high schools.

6    I went to Curtis on Staten Island.  I went to Lincoln in

7    Brooklyn.  I went to Queens Academy in the Bronx.  But I didn't

8    really go to Queens.  I just went here and there.  I didn't

9    really --

10          COURT REPORTER:  I am sorry.  The defendant said, "I

11    just went here and there," and then I didn't hear the rest.

12          THE DEFENDANT:  I went to Curtis in Staten Island, I

13    went to Lincoln in Brooklyn, and I went Queens in the Bronx.

14          THE COURT:  Queens?

15          THE DEFENDANT:  Yeah.  Queens Academy.

16          THE COURT:  But then you said I didn't really --

17    something.

18          THE DEFENDANT:  Oh, no.  I said I wasn't consistent in

19    going to school when I was going to Queens.  I was just going

20    here and there.

21          THE COURT:  Here and there.  Thank you.

22          Have you ever been treated or hospitalized for any

23    mental illness?

24          THE DEFENDANT:  No.

25          THE COURT:  Are you under the care of a doctor or

SOUTHERN DISTRICT REPORTERS, P.C.

K8Q6RIVC

1    psychiatrist?

2              THE DEFENDANT:  Like a counselor?

3              THE COURT:  Yes.  Have you been seeing a psychiatrist

4    or a doctor?

5              THE DEFENDANT:  No.  I just -- I talk to my counselor

6    when I am here when he gets a chance.  That's all.

7              THE COURT:  You haven't been diagnosed with any mental

8    condition?

9              THE DEFENDANT:  No.

10             THE COURT:  Have you ever been hospitalized or treated

11   for addiction to drugs or alcohol?

12             THE DEFENDANT:  No.

13             THE COURT:  Did you say no?

14             THE DEFENDANT:  Yeah.  I am sorry.  No, I never been

15   hospitalized.

16             THE COURT:  In the past 24 hours have you had any

17   drugs or medicine or alcohol?

18             THE DEFENDANT:  No.

19             THE COURT:  Is your mind clear today?  Do you

20   understand what is happening?

21             THE DEFENDANT:  Yes, sir.

22             THE COURT:  Mr. McGuinness, do you have any doubt as

23   to the defendant's competence to plead?

24             MR. McGUINNESS:  No, your Honor.

25             THE COURT:  Ms. Bagliebter, do you?

K8Q6RIVC

1          MS. BAGLIEBTER:  No, your Honor.

2          THE COURT:  Based on his responses to my questions and

3    his demeanor as I observe it and from his responses, I find

4    that the defendant is competent to enter a plea of guilty at

5    this time.

6          Mr. Rivera, have you had a sufficient opportunity to

7    discuss your case with your lawyer, including the charge you

8    intend to plead guilty to, any possible defenses, and the

9    consequences of pleading guilty?

10         THE DEFENDANT:  Yes, sir.

11         THE COURT:  Are you satisfied with your attorney's

12   representation of you?

13         THE DEFENDANT:  Yes, sir.

14         THE COURT:  I am now going to explain certain

15   constitutional rights that you have.  You will give up certain

16   rights when you plead guilty and I want to make sure you

17   understand them.  Under the Constitution and laws of the United

18   States, you have the right to a public trial and a speedy trial

19   by a jury on the charges in the indictment.  At that trial you

20   will be presumed innocent and the government would have to

21   prove you guilty beyond a reasonable doubt before you could be

22   found guilty.  You would not have to prove your innocence; but

23   a jury of 12 people would have to agree unanimously, all 12 of

24   them, that you are guilty beyond a reasonable doubt.  At that

25   trial and at every stage of your case, you would have the right

K8Q6RIVC

1    to be represented by a lawyer.  And if you could not afford

2    one, the lawyer would be appointed to represent you.

3           During a trial the witnesses for the government would

4    have to come to court and testify in your presence and your

5    lawyer would be able to cross-examine the witnesses for the

6    government, object to evidence offered by the government, and

7    offer evidence and compel witnesses to testify in your defense.

8           Do you understand all that?

9           THE DEFENDANT:  Yes, sir.

10          THE COURT:  At a trial, although you have the right to

11   testify if you chose to, you would also have the right not to

12   testify and no inference or suggestion of guilt could be drawn

13   from the fact that you did not testify if that is what you

14   chose.

15          Do you understand that?

16          THE DEFENDANT:  Yes, your Honor.

17          THE COURT:  Also, if you were convicted at a trial,

18   you would have the right to appeal that verdict to the Court of

19   Appeals.

20          Do you understand that?

21          THE DEFENDANT:  Yes, sir.

22          THE COURT:  Even at this time as you are entering this

23   plea, you do have the right to change your mind and continue

24   pleading not guilty and have a trial.

25          Do you understand?

K8Q6RIVC

1          THE DEFENDANT:  Yes, sir.

2          THE COURT:  But if you do plead guilty and I accept

3     your plea today, there will be no trial.  You will give up your

4     right to the trial and the other rights I have described.  I

5     will enter a judgment of guilty on the count that you are

6     pleading guilty to and then I will sentence you later on the

7     basis of that guilty plea.

8          Do you understand that?

9          THE DEFENDANT:  Yes, sir.

10          THE COURT:  You'll also have to give up your right not

11     to incriminate yourself when you plead guilty because I will

12     ask you about what you did to satisfy myself that you are

13     actually guilty.

14          Do you understand?

15          THE DEFENDANT:  Yes, sir.

16          THE COURT:  I would like to ask counsel for the

17     government if you would please state the elements of the

18     offense that the defendant is pleading guilty to.

19          MS. BAGLIEBTER:  Yes, your Honor.

20          If the case were to proceed to trial, the government

21     would have to prove the following elements beyond a reasonable

22     doubt, and these are the elements for Count Eighteen of the

23     superseding indictment and he will be pleading guilt to the

24     lesser included offense of that:

25          First, that there was an agreement among two or more

K8Q6RIVC

1    people to violate the narcotics laws by distributing or

2    possessing with the intent to distribute at least 28 grams of

3    mixtures and substances containing a detectable amount of

4    cocaine base commonly referred to as a crack cocaine;

5              Second, that the defendant entered into that agreement

6    knowingly and with the intent to further its objective.

7              The government would also have to prove by a

8    preponderance of the evidence that some portion the crime

9    occurred in the Southern District of New York.

10             THE COURT:  Thank you.

11             I also want to explain the maximum penalty for this

12   crime.  We will get to the sentencing guidelines in a minute

13   but, under the statute there is a minimum and maximum that I

14   cannot go above or below in determining the appropriate

15   sentence.  There is a maximum under the statute of 40 years'

16   imprisonment and there is a mandatory minimum of five years'

17   imprisonment.  There is a maximum fine of the greatest of $5

18   million or two times the total gain from the offense or two

19   times the total loss to other people from this offense and

20   there is a $100 special assessment.

21             There is also a term of supervised release for up to

22   life with a mandatory minimum of at least four years'

23   supervised release.  when I say "supervised release," that

24   essentially is like probation.  It means that you are subject

25   to monitoring after your term of incarceration and you have to

K8Q6RIVC

1    comply with any terms and conditions that are set for that

2    period.  And if you fail to comply with them, you can be

3    returned to prison without a jury trial.

4         Also, you must admit to the forfeiture allegation in

5    the indictment when you plead guilty and agree to forfeit to

6    the United States any property derived from the proceeds from

7    this crime or used facilitate this crime as explained in the

8    plea agreement.

9         Do you understand all that?

10        THE DEFENDANT:  Yes.

11        THE COURT:  Are you a United States citizen?

12        THE DEFENDANT:  Yes.

13        Yes, sir.

14        THE COURT:  If your attorney or anyone has attempted

15   to predict what your sentence is going to be, I want to make it

16   clear that I am the one who is going to decide your sentence.

17   I am not going to do that today, but I will do that at the time

18   of sentencing after receiving the submissions from the parties

19   and a presentence report that the Probation Department will

20   prepare.  I will consider any departures or adjustments from

21   the sentencing guideline range.  But since I am the one who is

22   going to determine your sentence, if it is different from what

23   you expect or what anyone has predicted, you will still be

24   bound by your guilty plea.

25        Do you understand that?

K8Q6RIVC

1                    THE DEFENDANT:  Yes, sir.

2                    THE COURT:  Has anyone threatened you or forced you to

3      plead guilty?

4                    THE DEFENDANT:  No, your Honor.

5                    THE COURT:  The latest version of the plea agreement

6      differs from the one that I have looked at only in that it says

7      S3 instead of S2.

8                    Is that right, Ms. Bagliebter?

9                    MS. BAGLIEBTER:  That's correct, your Honor.

10                    THE COURT:  What is the cover date on it?

11                    MS. BAGLIEBTER:  It actually has the same date, which

12     is the July 13th date.

13                    THE COURT:  Got it.

14                    Have you had a chance to look at the plea agreement,

15     to read it, and talk to your counsel about it?

16                    THE DEFENDANT:  Me?

17                    THE COURT:  Yes.

18                    THE DEFENDANT:  Yes, I have.

19                    THE COURT:  Do you feel you understand everything that

20     is in the plea agreement, what you are agreeing to?

21                    THE DEFENDANT:  Yes, sir.

22                    THE COURT:  Mr. McGuinness, did you have a chance to

23     go over it with your client?

24                    MR. McGUINNESS:  Yes, your Honor.

25                    THE COURT:  In terms of signing it, Mr. McGuinness,

K8Q6RIVC

1    have you signed the latest one or not?

2              MR. McGUINNESS:  I believe I did transmit a signed

3    copy.

4              THE COURT:  Okay.

5              MR. McGUINNESS:  If not, I can do that immediately.

6              THE COURT:  Given that we're doing this remotely,

7    Mr. Rivera, do you authorize me to sign for you?

8              THE DEFENDANT:  Yes, sir.

9              THE COURT:  You are okay with my signing for you and

10   you agree to everything in the plea agreement?

11             THE DEFENDANT:  Yes, sir.

12             THE COURT:  Is there any agreement that has been left

13   out of this agreement?  Is there any separate understanding

14   with the government?

15             THE DEFENDANT:  No.

16             THE COURT:  The sentencing guidelines are advisory,

17   but they are the starting point so I am required to consider

18   them when I decide on a sentence.  Under the agreement, there

19   is an agreed upon guideline range of 70 months to 87 months'

20   imprisonment.  There is a five-year mandatory minimum, which is

21   the minimum sentence that must be imposed.  The agreement of

22   the sentencing guidelines is binding on you and the government,

23   but it is not binding on me and I will make my own calculation

24   of the guidelines.  I want to make it clear that you are giving

25   up your right to appeal or challenge your sentence as long as I

K8Q6RIVC

1    sentence you within or below the sentencing guideline range,

2    which that is 87 months or less.

3              Do you understand that?

4              THE DEFENDANT:  Yes, your Honor.

5              THE COURT:  Having gone through these questions, do

6    you still wish to plead guilty under this agreement?

7              THE DEFENDANT:  Yes, your Honor.

8              THE COURT:  Are you pleading guilty voluntarily and of

9    your own free will?

10             THE DEFENDANT:  Yes, your Honor.

11             THE COURT:  Would you please tell me what you did that

12   makes you believe you are guilty of this charge.

13             THE DEFENDANT:  From about 2017 went to 2019 I agreed

14   with others to possess and distribute --

15             THE COURT:  Can you speak really slowly so the court

16   reporter can hear everything.

17             Thank you.

18             THE DEFENDANT:  From about 2017 to 2019 I agreed with

19   others to possess and distribute more than 28 grams of crack

20   cocaine in the Bronx, New York.

21             I am deeply sorry for the stuff that I did. I just

22   want to go home and change my life for me and my family.

23             THE COURT:  Thank you.

24             At the time that you did this, did you know it was

25   against the law?

K8Q6RIVC

1           THE DEFENDANT:  Yes, sir.

2           THE COURT:  All right.  Ms. Bagliebter, do you think

3    that is a sufficient factual basis for the plea?

4           MS. BAGLIEBTER:  Just a moment, your Honor.

5           Yes, your Honor.

6           THE COURT:  Mr. McGuinness, do you agree?

7           MR. McGUINNESS:  Yes, your Honor.

8           THE COURT:  Do you know of any reason I should not

9    allow your client to plead guilty?

10          MR. McGUINNESS:  No, your Honor.

11          THE COURT:  Mr. Rivera, since you acknowledge that you

12   are in fact guilty as charged and since I am satisfied that you

13   know your rights, including your right to go to trial and that

14   you are aware of the consequences of your plea, including the

15   sentence that may be imposed, I find that you are voluntarily

16   pleading guilty and I accept your guilty plea and enter

17   judgment of guilty on Count Eighteen, specifically the lesser

18   included offense of conspiracy to distribute and possess with

19   intent to distribute 28 grams of mixtures and substances

20   containing cocaine base or crack cocaine as set forth in the

21   plea agreement.

22          I will sign the plea agreement on your behalf as

23   authorized and then I will set a date for sentencing.  The

24   sentencing process, as your lawyer will explain, involves a

25   meeting which will probably be a conference call with the

K8Q6RIVC

1    Probation Department.  They prepare the presentence report that

2    has a lot of information about this offense but also about you

3    and your family and background.  Please make sure everything

4    you do talk about with them is honest and accurate.

5            In terms of timing, the normal sentencing timeline

6    would be about December 8.  It's usually between three and four

7    months out.

8            Does that timing work for you?  Do you want to ask for

9    a different timetable, Mr. McGuinness?

10           MR. McGUINNESS:  That works for us, your Honor.

11           THE COURT:  Is that okay for the government?

12           MS. BAGLIEBTER:  Yes, your Honor.

13           THE COURT:  All right.  I am setting sentencing for

14   Tuesday, December 8th, 2020 at 12:00 noon.

15           Defense submissions will be due November 24th.

16   Written submissions November 24th.  The government's

17   submissions are due December 1st.

18           Anything further from the government?

19           MS. BAGLIEBTER:  No, your Honor.

20           THE COURT:  Anything further from defense?

21           MR. McGUINNESS:  No.  Thank you, your Honor.

22           THE COURT:  Thank you all very much.  We're adjourned.

23                             o0o

24

25