L5JVLAWA

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

            v.                          19 CR 761 (JPO)

DARRELL LAWRENCE,
DAVON McCULLOUGH,
DERRICK CASADO,

                 Defendants.            ARRAIGNMENT

------------------------------x
                                        New York, N.Y.
                                        May 19, 2021
                                        10:00 a.m.

Before:

                    HON. J. PAUL OETKEN,

                                        District Judge


                          APPEARANCES


AUDREY STRAUSS,
     Acting United States Attorney for the
     Southern District of New York
FRANK J. BALSAMELLO
PETER J. DAVIS
     Assistant United States Attorneys

SAMIDH J. GUHA
     Attorney for Defendant Lawrence

SAMUEL GREGORY
     Attorney for Defendant McCullough

JACOB MITCHELL
     Attorney for Defendant Casado
```

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

1             (In open court)
2             (Case called)
3             THE DEPUTY CLERK:  Starting with the government,
4    counsel, please state your name for the record.
5             MR. BALSAMELLO:  Good morning, your Honor.
6             Frank Balsamello and Peter Davis, for the United
7    States.
8             THE COURT:  Good morning.
9             Counsel for Mr. Lawrence?
10            MR. GUHA:  Good morning, your Honor.
11            Samidh Guha, on behalf of Mr. Lawrence.
12            THE COURT:  Good morning.
13            And counsel for Mr. McCullough?
14            MR. GREGORY:  Samuel Gregory, for Davon McCullough.
15            Good morning.
16            THE COURT:  Good morning.
17            And counsel for Mr. Casado?
18            MR. MITCHELL:  Jacob Mitchell, for Mr. Casado.
19            Good morning, your Honor.
20            I also note that Valerie Gotlib is on the conference
21   line dial-in, and also Emma Greenwood is on the conference
22   call.  And I'm in touch with both of them.
23            THE COURT:  Okay.  Thank you.
24            Emma Greenwood is the discovery coordinator for the
25   case; and I've gotten an update from her within the last week

L5JVLAWA

or so.

       Welcome, everyone.  As you may or may not remember, I'm Judge Oetken, and I'm the judge overseeing this case.  This is the first time in quite some time that we've been able to see the parties in person.

       As you all know, a number of defendants have pleaded guilty in the case, and several have been sentenced already; so we are having this conference to address the status as to the remaining defendants, and where we are and going forward from here.

       By order of February 2nd, we scheduled this conference after a number of postponements.  And I understand that the defendants need to be arraigned on the superseding indictment S3.

       And Mr. Balsamello, could you just please describe any changes from the S2 indictment.

       MR. BALSAMELLO:  Your Honor, the S2 indictment and the S3 are identical, but for the fact that S3 adds Brandon Gill.  He was the defendant that was arrested, I believe, in July of 2020; and so the S3 became unsealed upon his arrest.

       I actually don't believe we've been together even since the S2 was returned.  The most significant change -- I think the only material change as to any of these defendants was the addition of Counts 14, 15, 16, and 17, which allege the assault in aid of racketeering, and murder in aid of

L5JVLAWA

1  racketeering, and related firearms offenses against Derrick
2  Casado and Carlos Rosario.  We've discussed those extensively
3  with their counsel; I know that they are well aware of those
4  charges.  Those were added since the last time we were
5  gathered.  And I think the last time they were arraigned, as
6  far as S2 versus 3, it was simply the addition of Mr. Gill as
7  well.
8            THE COURT:  Okay.
9            Mr. Guha, is Mr. Lawrence prepared to be arraigned on
10 the S3 indictment?
11           MR. GUHA:  Yes.  I discussed it briefly with him this
12 morning, your Honor; and we have been in contact over the
13 course of my retention during the pandemic.
14           THE COURT:  All right.
15           And Mr. Lawrence -- which one of you -- okay,
16 Mr. Lawrence, have you seen a copy of the latest indictment,
17 S3?
18           DEFENDANT LAWRENCE:  Yes.
19           THE COURT:  And do you understand the charges against
20 you?
21           DEFENDANT LAWRENCE:  Yes.
22           THE COURT:  You have a right for me to read it
23 publicly, or you can waive public reading.  Do you wish to
24 waive public reading?
25           DEFENDANT LAWRENCE:  Yes.

L5JVLAWA

1  THE COURT:  And how do you wish to plead, not guilty?
2  DEFENDANT LAWRENCE:  Not guilty.
3  THE COURT:  All right.  Thank you.
4  And Mr. Gregory, is your client prepared to be
5  arraigned on the S3?
6  MR. GREGORY:  Yes, he is, your Honor.
7  THE COURT:  All right.
8  Mr. McCullough, have you seen a copy of the latest
9  indictment, S3?
10  DEFENDANT McCULLOUGH:  Yes, sir.
11  THE COURT:  And do you understand the charges?
12  DEFENDANT McCULLOUGH:  Yes, sir.
13  THE COURT:  And do you waive public reading at this
14  time?
15  DEFENDANT McCULLOUGH:  Yes, sir.
16  THE COURT:  And how do you wish to plead, not guilty?
17  DEFENDANT McCULLOUGH:  Not guilty.
18  THE COURT:  All right.  Thank you.
19  And Mr. Mitchell, is your client also prepared?
20  MR. MITCHELL:  Yes, your Honor.
21  THE COURT:  Okay.
22  Mr. Casado, have you seen a copy of the S3 indictment?
23  DEFENDANT CASADO:  Yes.
24  THE COURT:  And do you understand the charges?
25  DEFENDANT CASADO:  Yes.

1            THE COURT:  And do you waive public reading at this
2  time?
3            DEFENDANT CASADO:  Yes.
4            THE COURT:  And how do you wish to plead?
5            DEFENDANT CASADO:  Not guilty.
6            THE COURT:  All right.  Thank you.
7            That concludes the arraignment on the S3.
8            Since it's been a while, I guess I'll ask
9  Mr. Balsamello to generally describe the status of discovery
10  production as to the defendants.
11            MR. BALSAMELLO:  Yes, your Honor.
12            The discovery was largely completed, I think, even by
13  the time we last met.  As we've investigated some additional
14  matters and done some additional search warrants on things like
15  iCloud accounts or social media accounts, we have produced
16  those to counsel on a rolling basis.
17            I don't have the dates in front of me, but I know that
18  those productions have gone to Ms. Greenwood over the course of
19  the last year and change; and I believe we are essentially up
20  to date on discovery.  There is always, of course, the
21  possibility of further warrants or other materials that come
22  into our possession, and we'll obviously produce those as we
23  proceed.
24            Another matter I can note for your Honor is that the
25  discovery would not be affected by any potential superseders we

foresee at this time, which is, now with the court reopening and the case trimmed down, in the event it does proceed to trial against most of the defendants who remain, there would likely be superseding charges.

I immediately think of the fact that as to Darrell Lawrence, we would be adding him to Counts Two and Three, which relate to an attempted murder that was committed by Michael Rowe in a related firearm charge which Mr. Lawrence directed.

As to Davon McCullough, he would be added to Counts Twelve and Thirteen, which relate to a Hobbs Act robbery and firearms offense that Damon Galarza and Jahuan Pollard perpetrated at McCullough's direction or as part of a conspiracy with him. We would also likely add a witness retaliation count as to Davon McCullough for an assault on an individual he understood to be a cooperating witness that occurred -- I don't have the date in front of me, but it occurred, I believe, during the pandemic.

We've produced the discovery that relates to all of those matters already. So if there were such charges, there would not be a new trove of material that had to be produced. The cell site information or social media information that would support those charges have already been turned over to the defense.

THE COURT: All right. Thank you.

And have you talked to defense counsel about the

status?  Are we at a point where -- I actually don't think we've scheduled motions in the case, so I'll ask them if they anticipate any motions -- or did we schedule a deadline for motions earlier?

MR. BALSAMELLO:  We have not.  And I've communicated with defense counsel.  The, sort of, joint defense proposal was that we have another conference in 90 days and set a schedule at that time.

The government is amenable to that, realizing that it's only relatively recent that counsel has had an increasing access to their clients.  So giving latitude for the time that they were not able really to see them as often as they may have wanted to, we're fine with 90 days.  I think that at that conference we would be asking to set a motions date.

And we've had fairly in-depth plea discussions with counsel thus far, at least the three here we've certainly had discussions with all of them.  As we get closer to the next conference and certainly any motions dates that are set, plea offers, we always reserve the right to withdraw those or to change them at will.  So just putting on the record that plea discussions may change as we get closer to these dates, but at this point the government doesn't have any objection to 90 more days for discovery review, consultation with the defendants, and plea discussions.

THE COURT:  Okay.  I'm going to ask each counsel

1     whether you want to raise any other issues with me, and to

2     either confirm or clarify your position as discussed by

3     Mr. Balsamello about moving forward, starting with Mr. Guha.

4              MR. GUHA:  Your Honor, we don't have any additional

5     issues at this time.

6              THE COURT:  And you agree that 90 days is appropriate?

7              MR. GUHA:  Yes, your Honor.

8              THE COURT:  All right.

9              And Mr. Gregory?

10             MR. GREGORY:  Judge, I agree also, there's no

11    particular issues that I need to raise at this time.  I've been

12    in touch with Mr. Balsamello and met with Mr. McCullough, and

13    I'll continue to work on the case diligently.

14             THE COURT:  Okay.

15             And Mr. Mitchell?

16             MR. MITCHELL:  Yes, your Honor.  I would just, sort

17    of, fill in some additional facts.

18             The dates that we're missing is that on 3/26/21,

19    coordinating discovery counsel, Emma Greenwood, received the

20    most recent global disclosure.  Counsel received that 4/6/21,

21    and it was 446 gigabytes of discovery, your Honor.

22             Other than that, 90 days is sufficient for the moment.

23             THE COURT:  Okay.

24             By the way, your clients, I believe, are at MCC; is

25    that correct?

1           MR. MITCHELL:  Correct, your Honor.

2           MR. GREGORY:  Yes, your Honor.

3           THE COURT:  And have they been -- have they been

4    offered vaccinations, do you know, at this point?

5           I'm just curious.

6           MR. MITCHELL:  My understanding is they were offered

7    in May, I believe.

8           THE COURT:  Okay.

9           And so you agree, Mr. Mitchell, that about 90 days out

10   is appropriate for a conference?

11          MR. MITCHELL:  Yes, your Honor.

12          THE COURT:  Okay.  That's fine.

13          We'll set a date in about 90 days.  And I'll

14   anticipate at that point -- I realize discovery is voluminous,

15   but it's also been a significant period of time; and it's only

16   now that you've really -- only recently that the detention

17   facilities have offered the ability, because of the pandemic,

18   to meet with counsel and have greater opportunity to go over

19   discovery.  So I think 90 days is reasonable.  And at that

20   point we'll discuss any motions to be filed and potentially a

21   trial date.

22          MR. MITCHELL:  Yes, your Honor.

23          One more thing, if I may just add.

24          There is very limited access to the discovery for

25   Mr. Casado certainly, and I believe the other defendants as

L5JVLAWA

well.  And so we are working on that.  While I believe at the time he does have the complete discovery, his ability to actually view that has been completely hindered through this pandemic.

THE COURT:  Okay.  Right.

It's been very challenging, I think.  And, you know, if necessary, at some point, for example, in anticipation of trial, I will have to make arrangements through order or otherwise to make sure that the defendants have ample time to review discovery.

But, in any event, for now, we're looking at about 90 days out?

MR. GREGORY:  Your Honor, if I may, I could just ask for the week of August 23rd, only because I have a trial scheduled for the week before.

THE COURT:  Does that week work for you, Mr. Guha?

MR. GUHA:  I haven't had any social plans in a year and-a-half, so yes, it does.

THE COURT:  All right.  I haven't either.

And Mr. Mitchell?

MR. MITCHELL:  That should work, your Honor.

THE COURT:  And Mr. Balsamello, any particular issue with that?

MR. BALSAMELLO:  No, your Honor.

THE COURT:  How about Wednesday the 25th?

L5JVLAWA

1      MR. GREGORY:  Fine, your Honor.  Thank you.
2      THE COURT:  What time is -- do you have a preference
3  for time?
4      MR. GREGORY:  I don't, Judge.  I got the week of the
5  23rd, so I'm not going to ask for anything else.
6      THE COURT:  Okay.
7      I'll set it for August 25th, Wednesday, August 25th at
8  10 o'clock a.m.  And again, I expect that will be in person,
9  maybe in this courtroom, but we'll let you know on ECF where
10 exactly it will be.  We'll plan on August 25th, 2021, at 10
11 o'clock a.m. for the next conference for the purposes I
12 described.
13     Anything else from any of the defense counsel?
14     MR. GUHA:  No, your Honor.  Thank you.
15     MR. GREGORY:  No, your Honor.  Thank you.
16     MR. MITCHELL:  No, your Honor.  Thank you.
17     THE COURT:  Mr. Balsamello?
18     MR. BALSAMELLO:  The government moves to exclude
19 speedy trial time between today and August 25th, to allow for
20 the defense to continue reviewing the discovery, to meet with
21 their clients, and to continue our plea negotiations.
22     THE COURT:  Any objection, Mr. Guha?
23     MR. GUHA:  No, your Honor.
24     THE COURT:  Mr. Gregory?
25     MR. GREGORY:  No.

L5JVLAWA

1           THE COURT:  Mr. Mitchell?
2           MR. MITCHELL:  No, your Honor.
3           THE COURT:  Okay.  I grant that motion.  And I exclude
4  time from today's date through the date of the next conference,
5  August 25th, 2021.  And I find the ends of justice served by
6  granting this continuance outweigh the best interests of the
7  public and the defendants in a speedy trial for the reasons
8  stated by counsel for the government.
9           Thank you, all.  This matter is adjourned.
10          MR. GREGORY:  Thank you, your Honor.
11          MR. BALSAMELLO:  Thank you.
12                          *    *    *